EDWARD O. PROCTOR, trustee in bankruptcy, *vs.* BERTHA
M. MacCLASKEY.

Suffolk.    November 6, 1931. — January 28, 1932.

Present: RUGG, C.J., WAIT, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction,* To reach property conveyed in fraud of creditors,
  Adequate remedy at law, Equitable replevin. *Insurance,* Life: rights
  of beneficiary.

The bill in a suit in equity by the trustee in bankruptcy of a corporation
  against a woman contained allegations that the defendant's husband,
  president, treasurer, general manager and majority stockholder of the
  corporation, after taking out policies of insurance upon his life payable
  to the defendant as beneficiary, caused the corporation, at a time when
  it was insolvent, to pay certain premiums on the policies to keep them
  in effect up to the time of his death; and that, after the husband's
  death, the defendant received the amounts of the policies from the
  insurance companies.   There was no allegation that the husband was
  insolvent when such premiums were paid, and his personal representa-
  tive was not a party to the suit.   The plaintiff sought to recover the
  amount of the premiums on the ground that they were paid in fraud
  of the corporation's creditors.   A demurrer by the defendant was
  sustained, and a final decree entered dismissing the bill.   *Held,* that
    (1) Under G. L. c. 175, §§ 125, 126, as amended by St. 1928,
  c. 176, §§ 1, 2, the defendant was entitled to retain the proceeds of the
  policies, unless the premiums were paid "in fraud of creditors" within
  the provisions of said § 125, as so amended;
    (2) The creditors contemplated by said § 125, as so amended, are
  confined to those of the person by whom the insurance is "effected";
    (3) The defendant's husband, as the person who took out the in-
  surance, was the person by whom it was "effected" within the meaning
  of the statute: the corporation could not properly be said to have
  "effected" the insurance or any part of it even though the payment of
  premiums by it kept the policies at their face value rather than the
  value they would have had if they had lapsed;
    (4) The plaintiff, who sought the amount of the premiums for the
  benefit of the creditors of the corporation and not of creditors of the
  defendant's husband, could not recover that sum from the defendant.
The plaintiff in the suit in equity above described also sought to recover
  certain sums which the defendant's husband caused the corporation,
  when insolvent, to pay to the defendant and certain sums which he
  caused it to pay upon notes given by him in payment for an automo-
  bile, title to which was taken in the defendant's name.   There was no
  allegation in the bill that the defendant did not act honestly and in
  good faith.   *Held,* that

(1) Although the plaintiff had an adequate remedy at law with regard to such payments, the bill was not demurrable on that ground, since the plaintiff was given a remedy in equity by c. 109A, added to the General Laws by St. 1924, c. 147;

(2) However, the bill was demurrable in that the plaintiff's claim with regard to such payments could not properly be joined with the claim to reach the proceeds of the policies of insurance;

(3) The demurrer rightly was sustained, but this court ordered the final decree modified by inserting a declaration that it was without prejudice to such right as the plaintiff might have to recover the sums paid on the automobile notes and to the defendant; and, as so modified, it was affirmed.

It *was stated* that there is no jurisdiction in equity to enforce a claim merely on the ground of the plaintiff's lack of knowledge with regard to the defendant's property or of the form or the institution in which his funds are deposited, if there is no such concealment by the defendant as would warrant the maintenance of the suit for equitable replevin.

BILL IN EQUITY, filed in the Superior Court on March 27, 1931, and afterwards amended, described in the opinion.

The defendant demurred to the original bill and to the bill as amended. The demurrer was heard by *Gray,* J. By order of the judge, there were entered an interlocutory decree sustaining the demurrer and a final decree dismissing the bill. The plaintiff appealed from both decrees.

*E. O. Proctor,* for the plaintiff.

*G. Hoague,* for the defendant.

WAIT, J. The defendant's husband at his death was president, treasurer, general manager and majority stockholder of Phoenix Bond & Mortgage Company, a corporation engaged in the business of a broker. He died December 14, 1930. He took out policies of life insurance in 1912, 1918, 1923, 1926, and 1929, of which she was the beneficiary. In the course of 1929 and 1930 he caused the corporation to pay premiums upon these policies in a total sum of $2,599.05. Since his death the defendant has received from the insurance companies $68,469.08 upon the policies. From September, 1929, to and including July, 1930, the husband caused the corporation to pay in each month except June $210, and in October, 1930, $60, in all $2,160, for notes given by him in payment for an automobile, title to which was taken by the defendant, in whose

name, as owner, it was registered. In May, June, July and October, 1930, the defendant received from the corporation at various times a total of $1,900. The corporation at the times of all the foregoing payments was insolvent; and it received no consideration for them.

The plaintiff is the trustee in bankruptcy of the corporation. He brings this amended bill alleging the foregoing in greater detail; and, in addition, stating that these payments were in fraud of the creditors of the corporation, that the corporation at the instance of the husband paid the insurance premiums "in order that the . . . [policies] might be continued in effect for their full face value at the death of the insured, and did thereby effect the said policies in the amounts by which their full face value exceeded their then paid up or cash surrender value, which said amounts are greater than the amount of the premiums so paid"; and, further, that he is informed and believes that the husband's estate is insolvent and the respondent has not sufficient assets to meet the plaintiff's claim save for the proceeds of the insurance policies; that he has no information in what form or in what institution her funds are kept or on deposit and so is unable to attach them in an action at law and is without adequate remedy at law.

The case is before us upon the plaintiff's appeals from an interlocutory decree sustaining a demurrer, and from a final decree dismissing the bill.

The demurrer was sustained properly. G. L. c. 175, § 125, as amended by St. 1928, c. 176, § 1, provides that "If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same, whether or not the right to change the named beneficiary is reserved by or permitted to such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall enure to

their benefit from the proceeds of the policy." Section 126, as amended by St. 1928, c. 176, § 2, provides that policies of life or endowment insurance made payable, or after issue transferred in any way so as to be made payable, to a married woman, "whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person . . . shall enure to her separate use and benefit, and to that of her children, subject to the provisions" of § 125 relative to premiums paid in fraud of creditors. Thus the proceeds of the policies of insurance referred to in the bill are secured absolutely to the defendant, unless a right in premiums paid in fraud of creditors exists in the plaintiff. Whatever right he has must be derived from the statutes. As was pointed out in *Bailey* v. *Wood,* 202 Mass. 562, 566, there was diversity of judicial opinion relating to the rights of a wife and of creditors in policies of insurance procured by the husband, which could best be dealt with by legislation. Our statutes define them, and our courts will act upon the rights as so defined. *Bailey* v. *Wood,* 202 Mass. 562; *Bailey* v. *Wood,* 202 Mass. 549. The uniform fraudulent conveyance law, c. 109A inserted in the General Laws by St. 1924, c. 147, cannot be held to abrogate them. There is no allegation that the husband was insolvent when the premiums were paid. It was he who effected the policies. He procured them and he made the changes of beneficiary in those not originally issued with the wife as beneficiary. All was before any payment of premiums by the corporation. We cannot interpret the statutes to grant the right here claimed to any but creditors of the person who effects the insurance. That person, we think, is the one who takes out the policies or procures them to be taken out. See *Earle* v. *Kingscote,* [1900] 2 Ch. 585. The plaintiff contends that by the payment of the premiums with money of the corporation the policies, which otherwise must have lapsed, were kept at their face value rather than at the cash surrender value or their value as paid up policies under G. L. c. 175, § 144, and so the corporation should be regarded as effecting the insurance to the extent that

the face value was greater than the other. The language "If a policy of life or endowment insurance is effected by any person on his own life or on another life" clearly identifies the one who obtains the policy from the issuing company or insurer as the person who "effects" it. It must be, we think, the same individual who is later referred to in the words "against the creditors and representatives of the person effecting the same." Examination in detail of the language of the statutes now embodied in §§ 125 and 126, which need not be stated here at length, fully sustains this interpretation. The plaintiff's contention cannot be accepted.

The reason commonly given for the proviso is the propriety of allowing his creditors to obtain the amounts by which the insolvent has depleted his estate in order to secure the insurance, his gift to those who naturally look to him for support. *Bailey* v. *Wood*, 202 Mass. 549, 551. Here the proceeds of the policies are sought not for the benefit of the creditors of the husband but for that of the creditors of the corporation. The personal representative of the husband is not made a party. The corporation in making the payment, unless it is treated as the agent of the husband spending money for which he was accountable to it, is in the position of a volunteer who pays premiums for insurance. Such a volunteer has no valid claim for reimbursement and no lien on the policy. *Gifford* v. *Gifford*, 93 N. J. Eq. 299. *Bartlett* v. *Goodrich*, 153 N. Y. 421. So far as the bill sought to reach the proceeds of the policies it was demurrable.

The plaintiff has a plain, adequate and complete remedy at law to recover the $1,900 paid without consideration and received by the defendant; and also for the amounts paid upon the notes given in payment by the husband for the automobile. Ordinarily a bill in equity cannot be maintained to obtain precisely what the plaintiff can secure by action at law. The constitutional right to trial by jury might be infringed otherwise. *Jones* v. *Newhall*, 115 Mass. 244. *Maguire* v. *Reough*, 238 Mass. 98. *Morse* v. *International Trust Co.* 259 Mass. 295. Where, however,

a statutory remedy in equity is given this rule does not apply. Such a remedy we have held in *Powers* v. *Heggie*, 268 Mass. 233, 241–242, is given by the uniform fraudulent conveyance law, c. 109A, inserted in G. L. by St. 1924, c. 147. That decision is controlling here. The demurrer on the ground of complete and adequate relief obtainable by action at law is not well taken. Moreover, remedy in equity to follow the proceeds of the corporation's money into the automobile exists, although it may be doubted whether the bill sets out facts which would here support it. It is unnecessary to discuss the point further. These claims, however, cannot properly be joined with the claim to reach the proceeds of the insurance. There is no such connection arising from misconduct on the part of the defendant that cases like *Bliss* v. *Parks*, 175 Mass. 539, *Digney* v. *Blanchard*, 226 Mass. 335, *Phelps* v. *Creed*, 231 Mass. 228, cited by the plaintiff, and *Cosmopolitan Trust Co.* v. *Mitchell*, 242 Mass. 95, are applicable here. No misconduct of the defendant is alleged. So far as appears she has acted honestly and in good faith.

The plaintiff's lack of knowledge in regard to the whereabouts of the defendant's property or of her bank account is not a good ground for jurisdiction in equity. No fraudulent concealment by her is alleged such that equitable replevin can be maintained.

It follows that the demurrer was sustained properly and the interlocutory decree must be affirmed. As no amendment was offered, the final decree also was right; but, in view of the decision with reference to certain of the claims, we think it should be modified by a declaration that it is without prejudice to such right as the plaintiff may have to recover the sums paid on the automobile notes and to the defendant, and, as so modified, that it be affirmed.

*Ordered accordingly.*