F. HAROLD TOLMAN *vs.* HAIDEE S. CROWELL & others.

Suffolk. October 1, 1934. — November 27, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Trust,* What constitutes, Constructive. *Equity Jurisdiction,* To reach proceeds of insurance procured by premiums paid in fraud of creditors. *Insurance,* Life.

It is settled in this Commonwealth that the rights of all persons in and to the proceeds of life or endowment insurance policies, as against the beneficiaries, are determined by G. L. (Ter. Ed.) c. 175, §§ 125, 126.

By reason of the provisions of G. L. (Ter. Ed.) c. 175, §§ 125, 126, a demurrer to a bill in equity, by a former customer of a deceased stockbroker against certain life insurance companies and beneficiaries under policies of insurance on the life of the stockbroker, rightly was sustained where the bill contained averments merely that the stockbroker fraudulently obtained money and securities of a specified total value from the plaintiff and other customers, and averments, made on information and belief, that all the money paid by the stockbroker on account of premiums on said policies was money "thus fraudulently obtained by" him from the "plaintiff and others" or the proceeds of securities fraudulently obtained; that said sums paid to the stockbroker "represented money held by" him "expressly or constructively as trustee for the benefit of" the plaintiff and others; and that the amounts due on the policies were "in good conscience and equity" the property of the "plaintiff and others of the" stockbroker's customers, "being the proceeds or profits of money obtained and held by" him "in trust for" the "plaintiff and said other customers, friends and neighbors," there being no averment as to the sum paid by the plaintiff to the stockbroker or as to the amount of the plaintiff's money paid by the stockbroker for premiums on the policies: the bill did not set forth any ground for relief in equity.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated April 27, 1933, and described in the opinion.

The defendants demurred. The demurrers were heard by *Goldberg*, J., and were sustained, and a final decree was entered dismissing the bill. The plaintiff appealed.

*J. B. Wolbarsht*, (*W. L. Berger* with him,) for the plaintiff.

*S. M. Salny*, for the defendants Haidee S. Crowell and another.

CROSBY, J. This is a bill in equity commenced by trustee process, in which the plaintiff seeks to establish a trust in the proceeds of certain life insurance policies issued on the life of H. Hollon Crowell, now deceased. The defendants filed demurrers to the bill alleging no legal cause of action, want of equity, misjoinder of parties, and multifariousness. The case was heard by a judge of the Superior Court who sustained the demurrers, and a final decree was entered dismissing the bill as against each defendant, from which the plaintiff appealed.

The bill alleges that it is brought on behalf of the plaintiff and such other persons as may be shown to have analogous rights. It is further alleged that Crowell, purporting to be engaged in a general stock brokerage business, falsely represented that he was legitimately engaged in such business and induced the plaintiff and others to entrust and deposit with him large sums of money and many and varied securities of substantial value for the purpose of investment or safe keeping; that at the time of the delivery of the moneys and securities to said Crowell, he did not intend to invest or keep them as requested and directed by the plaintiff and by his other customers, but planned and intended to divert and convert them to his own use; that the approximate value of the money and securities thus deposited for the purposes aforesaid and converted by said Crowell was $350,000. It is further alleged that at the time of his decease on January 5, 1933, Crowell was insured upon his life in the sum of approximately $350,000 in certain named insurance companies; that the defendant Haidee S. Crowell is named as bene-

ficiary in some of said policies; that the defendants Herman Holt, junior, Haidee S. Crowell, and the Old Colony Trust Company are trustees under an indenture of trust of the proceeds of said policies for the benefit of said Haidee S. Crowell, Julia Clark, Harriet S. Crowell, and Herman Holt, junior. The bill further alleges on information and belief that all of the moneys paid by said H. Hollon Crowell on account of premiums on said policies "were moneys thus fraudulently obtained by said Crowell from . . . [the] plaintiff and others as aforesaid, or the proceeds of moneys or securities delivered or entrusted to said Crowell as aforesaid and converted by him; that said sums paid to . . . [him] represented moneys held by . . . [him] expressly or constructively as trustee for the benefit of . . . [the] plaintiff and others herein mentioned"; that "There is now due and payable as proceeds of said policies the sum of approximately $300,000, which in good conscience and equity is the property of . . . [the] plaintiff and other of the said Crowell's customers and others herein mentioned, said moneys being the proceeds or profits of moneys obtained and held by said Crowell in trust for . . . [the] plaintiff and said other customers, friends and neighbors." It is further alleged that the defendant Julia Clark and the defendant Harriet Crowell have already collected the sums of $25,000 and $10,000 respectively, and that the plaintiff is entitled to these sums. The prayers of the bill are that the rights of the plaintiff and others having analogous rights in the proceeds of the life insurance policies be determined, and that a decree be entered directing a payment to each of said persons of their respective and proportionate shares therein.

The bill does not allege that any of the beneficiaries of the policies had knowledge of the misappropriations by the deceased, or that the beneficiaries participated therein; nor does it set forth the amount of moneys paid by the plaintiff or by any other customers to the deceased, or the dates of such payments; nor is there an allegation as to the amount of premiums paid by the deceased on the policies.

It is settled in this Commonwealth that the rights of all persons in and to the proceeds of life or endowment insurance policies as against the beneficiaries are determined by G. L. (Ter. Ed.) c. 175, §§ 125 and 126. Section 125 provides in part as follows: "If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same, whether or not the right to change the named beneficiary is reserved by or permitted to such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy . . . ." Section 126 provides: "Every policy of life or endowment insurance made payable to or for the benefit of a married woman, or after its issue assigned, transferred or in any way made payable to a married woman, or to any person in trust for her or for her benefit, whether procured by herself, her husband or by any other person, and whether the assignment or transfer is made by her husband or by any other person . . . shall enure to her separate use and benefit, and to that of her children, subject to the provisions of · . . [§ 125] relative to premiums paid in fraud of creditors . . . ." It follows from these provisions of the statutes that only creditors of the insured have any rights in or to the proceeds of the policies as against these beneficiaries. If the plaintiff· is a creditor he can recover only the premiums paid in fraud of creditors within the period governed by the statute of limitations, with interest thereon. He is not permitted in either event to maintain a bill to establish a trust in.the proceeds of the policies against the beneficiaries. *Bailey* v. *Wood*, 202 Mass. 549, 551. *Bailey* v. *Wood*, 202 Mass. 562, 569. *Proctor* v. *MacClaskey*, 278 Mass. 238, 241.

The allegations of the bill that the plaintiff is informed and believes that all of the moneys paid by the insured on

account of premiums on the policies were moneys fraudulently obtained by the insured from the plaintiff and others, and that they represented moneys held by the insured expressly or constructively as trustee for the benefit of the plaintiff and others, are not sufficient allegations that such facts exist. *Hadley* v. *Watson,* 143 Mass. 27. *Dealtry* v. *Selectmen of Watertown,* 279 Mass. 22, 27. There is no allegation that any particular sum of money or property was delivered by the plaintiff or others to the insured, or was used to pay any premiums on the policies. For this reason it cannot rightly be held that the policies were ever impressed with a trust in favor of the plaintiff. *Little* v. *Chadwick,* 151 Mass. 109, 110. *Yesner* v. *Commissioner of Banks,* 252 Mass. 358, 360. *Atkins* v. *Atkins,* 279 Mass. 1, 7. The right to impress a trust where funds have been misappropriated to pay premiums on insurance policies, the proceeds of which go to a beneficiary, is limited to the amount so misappropriated. It was said in *Tyler* v. *Treasurer & Receiver General,* 226 Mass. 306, at page 309: "Whatever the insured does in way of designation of a beneficiary takes effect forthwith. If his act rightly be describable as a gift, it is a present gift which, so far as concerns him, takes effect at once both in possession and enjoyment by the beneficiary. . . . The insured has no title to the amount due on the policy. He does not and cannot make a gift of that. The right to that amount as an instant obligation does not spring into existence until after his death. Even then the money belongs to the insurer, who is charged with the duty by the contract to pay to the beneficiary."

The contention of the plaintiff that the insured misappropriated funds and used them to pay premiums on the policies and that this entitles him to establish a trust in the proceeds of the policies cannot be sustained. The contrary is held in the recent case of *Proctor* v. *MacClaskey,* 278 Mass. 238. There all the plaintiff sought to recover was the amount of the premiums which had been misapplied by the insured. It was held that the rights of the plaintiff were governed by G. L. c. 175, §§ 125 and 126,

and that under these statutes the proceeds of the policies belonged to the beneficiary, except as to such sums with interest thereon as were paid on premiums in .fraud of creditors of the insured; and that since the trustee in bankruptcy was not a creditor or a representative of creditors of the deceased he could not recover the premiums that had been paid. That decision governs the rights of the parties in the present case. See also *Central Bank of Washington* v. *Hume,* 128 U. S. 195, at page 206; *Bennett* v. *Rosborough,* 155 Ga. 265. The statute providing that premiums paid in fraud of creditors shall enure to creditors from the proceeds of ·life insurance policies applies only to the person "effecting such insurance," who is the one who takes out the policies or procures them to be taken out. There is no allegation in the bill to show what moneys or property of the plaintiff had been used or paid by the insured as premiums.

The demurrers were rightly sustained on the first ground, namely, that the bill does not set forth any grounds for relief in equity. In view of the conclusion reached it is not necessary to consider any of the other grounds of demurrer relied on by the defendants. The final decree dismissing the bill is affirmed, with costs.

*Ordered accordingly.*