ANDREW A. McCARTHY, administrator, *vs.* HELEN G. GRIFFIN & another.

JENNIE E. GUINEY, administratrix, & another *vs.* ANDREW A. McCARTHY, administrator.

Essex.    October 7, 1937. — February 1, 1938.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Executor and Administrator*, What are assets of estate, Removal. *Insurance*, Life: change of beneficiary, rights of creditor of insured. *Fraudulent Conveyance.*

The protection afforded to beneficiaries of life insurance by G. L. (Ter. Ed.) c. 175, § 125, is available only in aid of beneficiaries named as such when the insurance is originally effected.

The entire proceeds of a policy of life insurance, the beneficiary of which had been changed by the insured in fraud of creditors at a time when it was payable to his estate and he was insolvent, became a part of his estate after his death and should have been accounted for as such.

An administrator's insistence upon his personal interest as a specified beneficiary of a life insurance policy in opposition to the interest of creditors of the estate, to which the proceeds belonged, justified his removal as administrator.

PETITION, filed in the Probate Court for the county of Essex on August 28, 1935, for the allowance of the administrator's first account; also a

PETITION for removal of the administrator, filed in that court on January 22, 1936.

From decrees entered after hearings by *Dow*, J., the administrator appealed.

*C. A. McCarthy*, for Andrew A. McCarthy, administrator.

*T. W. Lawless*, for Jennie E. Guiney, administratrix.

*I. W. Sargent*, for Helen G. Griffin.

QUA, J.    Andrew A. McCarthy is the administrator of the estate of his father, John F. McCarthy. The latter also left surviving him a daughter, Mary G. McCarthy. The fundamental and decisive question in each of these appeals is whether at the decease of John F. McCarthy on January

19, 1934, a policy of insurance upon his life in the Massachusetts Mutual Life Insurance Company was an asset of his estate available to pay the claims of his creditors or belonged individually to Andrew and Mary as the designated beneficiaries.

The judge found these facts: On April 4, 1930, John F. McCarthy changed the beneficiary of the policy so that instead of being payable upon his death to his own estate it was made payable to Andrew, Mary, and a son Daniel, since deceased. At that time John F. McCarthy was insolvent, and the administrator has represented his estate as insolvent. On February 17, 1930, his real estate had been attached in an action against him on a promissory note for $14,398.81. On April 3 he had substituted his children for his estate as beneficiaries under three other insurance policies. On April 7 he conveyed to his children various parcels of real estate. At about the same time he turned over his plumbing business to his son Andrew upon the latter's agreement to pay the outstanding indebtedness of the business. At the time of these transfers John F. McCarthy "stipulated," and the children "agreed," that the children should pay the future premiums upon the policies, the interest that might accrue upon loans which were outstanding against the policies and certain specified debts which John F. McCarthy owed. In order to secure the children for the payments which they agreed to make McCarthy's right further to change the beneficiaries was canceled. Thus McCarthy transferred to his children all of his property of every description. This was done "without fair consideration, for the purpose of keeping said property from his creditors and was fraudulent."

From uncontradicted evidence it appears that the insurance policy here in question when originally issued in 1922 was payable one tenth to an employee of the insured and nine tenths, or on the death of the employee the whole, to the estate of the insured. It was then in no part payable to the children of the insured. Before the transfer of April 4, 1930, it had become wholly payable to the estate of the insured.

The judge ruled in effect that the policy was part of the

estate of John F. McCarthy and was to be accounted for as such. The ruling was right. The appellant contends that the decedent's children were entitled to the proceeds of the policy as against his creditors and representatives by virtue of the protection afforded to beneficiaries of life insurance by G. L. (Ter. Ed.) c. 175, § 125. But it has been long settled that that section is available only in aid of beneficiaries named as such when the policy is originally effected. In this respect § 125 differs from the following § 126, dealing with policies payable to married women. Persons whose claims are based upon transfers subsequent to the original issue of the policy cannot find shelter under § 125. *Bailey* v. *Wood*, 202 Mass. 562, 574. *York* v. *Flaherty*, 210 Mass. 35, 42. There is nothing in *Proctor* v. *MacClaskey*, 278 Mass. 238, or in *Tolman* v. *Crowell*, 288 Mass. 397, which is inconsistent with the cases first above cited.

We discover nothing in the record which overcomes or mitigates the finding of the judge that the transfer by the decedent of all his property was without fair consideration and was fraudulent. These findings cannot be pronounced plainly wrong. Even though at the time of transfer there were outstanding loans upon the policies of insurance in such amounts that the surrender values of the policies were then little or nothing, the judge could find on the evidence that the payments made by the children were not made "in good faith" and "as a fair equivalent" for all the property conveyed. G. L. (Ter. Ed.) c. 109A, § 3 (a). The findings required the ruling that the policy in question should be accounted for as a part of the estate of John F. McCarthy. G. L. (Ter. Ed.) c. 109A, §§ 4, 7, 9. And under our decisions defrauded creditors have been allowed to reach the entire proceeds of policies fraudulently transferred and not merely the surrender value at the time of transfer, our theory being that the transfer is voidable in its entirety as to creditors and that they are entitled to regard the policies as still part of the estate of the insured. *Bailey* v. *Wood*, 202 Mass. 562, 575. *York* v. *Flaherty*, 210 Mass. 35, 42, 43. The authorities elsewhere are in conflict on this point. *Central Bank of Washington* v. *Hume*, 128 U. S. 195. *First Wisconsin*

*National Bank of Milwaukee* v. *Roehling,* 224 Wis. 316.   For a collection of cases, many of which are in accord with our own, see 6 Am. L. R. 1173.

The judge further found that the attitude of Andrew A. McCarthy as administrator toward the creditors of the estate, his refusal to account for the policy as an asset of the estate, and his claim that it was the property of his sister Mary and of himself rendered him unsuitable for the office of administrator.   Upon these findings McCarthy's personal interest opposed to the interest of the creditors of the estate, in whose behalf it was his duty as administrator to act in collecting and distributing the proceeds of the policy, justified his removal from that office.   *Fourth National Bank of Boston* v. *Mead,* 214 Mass. 549.   *Comstock* v. *Bowles,* 295 Mass. 250, 257–258.

*Decrees affirmed.*