JOSEPHINE HENDERSON, executrix, *vs.* RUDOLPH ADAMS & others.

HECTOR ADAMS & others *vs.* JOSEPHINE HENDERSON, executrix.

Hampden.     December 4, 1940. — February 24, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Insurance,* Life: change of beneficiary, waiver. *Waiver.*

After the death of one insured under a policy of life insurance, the insurer cannot, by interpleader or otherwise, waive conditions precedent contained in the policy relative to a change of beneficiary.

A finding that the insured had effected a change of beneficiary in an employee's certificate of life insurance under a group policy carried

by his employer was not warranted where it appeared that the policy stated that such change should not take effect unless it was indorsed on the certificate by the employer, and that there had been no such indorsement because the certificate had remained in the possession of the beneficiary named therein until the insured's death, and it did not appear that any demand for it had been made, or that, if demand had been made, it would have been futile.

CONTRACT. Writ in the Superior Court dated June 6, 1939. Also a

BILL IN EQUITY, filed in the Superior Court on September 1, 1939.

The cases were heard together by *T. J. Hammond*, J.

*J. M. Healy*, (*S. Resnic* with him,) for Josephine Henderson, executrix.

*F. J. McKay*, (*J. R. Nolen* with him,) for Rudolph Adams and others.

DOLAN, J. These two cases, one at law and the other in equity, relate to the proceeds of a certificate of insurance issued upon the life of Adolph Adams, deceased, under a policy of group life insurance by the Metropolitan Life Insurance Company. In the action at law which was brought first, the widow of the deceased sought to recover the proceeds from the insurance company. While the action was pending she died, and the executrix of her will was substituted as party plaintiff. In the suit in equity the plaintiffs seek to compel the defendant to deliver to them the certificate of insurance. In the action at law the insurance company filed a petition and answer by way of interpleader (G. L. [Ter. Ed.] c. 231, § 40), setting forth that Hector, Rudolph and Elmer Adams, children, and Doris Maguire, a grandchild of the insured (by his daughter Florille), claimed the proceeds. Thereupon an order was entered substituting the claimants as parties defendant, allowing the insurance company to pay into court the proceeds of the insurance, and directing that when payment was so made the action be discontinued against the insurance company and its liability as represented by the certificate of insurance be discharged. Payment was so made into court. In the action at law, jury trial was waived and the case was referred to an auditor. It was agreed that his

findings were to be final. While this action was pending the suit in equity was begun by the plaintiffs in that case, and was referred to a master, who was the same person as the auditor. The findings of the auditor and master are the same. In the action at law the judge found for the claimants. In the suit in equity the judge filed "Findings of Fact and Order for Decree" in which he found that Adolph Adams, during his life, exercised the right to change the beneficiary with substantial compliance with the provisions of the certificate of insurance relating to the change of beneficiary by the insured prior to his death; that Adolph did every act within his power to make the change of beneficiary effective; and that the insurance company had waived any legal rights that it had to insist on the provisions in the policy relative to the delivery of the "policy" to the company for indorsement when interpleader was filed and money paid into court. A final decree was entered permanently enjoining the defendant from prosecuting her action at law and ordering her to surrender the "insurance policy in question" to the plaintiffs within thirty days, and ordering the clerk of courts to pay the proceeds of the insurance "to the four plaintiffs share and share alike"; and that the bill be dismissed as against the Westinghouse Electric & Manufacturing Company and the Metropolitan Life Insurance Company. The action at law comes before us on the plaintiff's exceptions to the denial of her motion for a finding for her, and to the granting of the defendants' motion for a finding for them. The suit in equity comes before us upon the appeal of the defendant in that case.

The material facts may be summarized as follows: Adolph Adams was the husband of Josephine Adams, who survived him. Prior to his death he was employed by the Westinghouse Electric & Manufacturing Company, which carried a group insurance policy on the respective lives of certain of its employees, of whom Adolph was one. Under the group plan a certificate in the sum of $4,000 was issued to him. From the date of its issuance to his death, his wife was named as sole beneficiary.

Under section 15 of the group policy it was provided that

the insurance company issue to the employer for each insured employee an individual certificate, which, among other terms, was to contain the name of the beneficiary designated by the employee. It further provided that, after the death of the employee, the certificate must be surrendered before the insurance company would pay any benefits to the beneficiary, and that the certificate must be returned to the employer for appropriate indorsement before the employee could exercise any of the privileges granted to him under the terms of the policy.

Section 16 of the group policy, so far as material, reads thus: "Any Employee insured hereunder may, from time to time, change the Beneficiary designated in his Certificate by filing written notice thereof with the Employer accompanied by the Certificate of such Employee. Such change shall take effect upon endorsement thereof by the Employer on such Certificate and unless the Certificate is so endorsed, the change shall not take effect. After such endorsement, the change shall relate back and take effect as of the date the Employee signed said written notice of change, whether or not the Employee is living at the time of such endorsement, but without prejudice to the Company on account of any payment made before receipt of such written notice."

The certificate issued to Adolph by the Westinghouse company under the group policy is dated August 1, 1937. From that date it was kept in a box which contained papers belonging to Adolph, as well as papers that were the property of his wife, Josephine. Each customarily had had access to this box which was in their home. On March 20, 1939, Adolph was taken to a hospital. He was suffering from a cardiac ailment. He died on March 27, 1939, at 11:20 A.M. During the week preceding his death he told his sons Hector and Rudolph that he wished to change the beneficiary under the certificate of insurance, from his wife to his four children, Rudolph, Hector, Elmer and Florille. On March 26, 1939, Florille died leaving a daughter, Doris Maguire, one of the plaintiffs in the equity suit, and on March 27, 1939, Rudolph and Hector, at the request of their father, Adolph, procured from the Westinghouse company

the printed form required to be used in case of change of beneficiaries. An official of that company, at their request, filled out a form which provided for a change of beneficiary from the wife of Adolph to Hector, Rudolph and Elmer Adams and to Doris Maguire. Another document required to effect a change of beneficiaries was drawn up by an attorney on the morning of March 27, 1939. These two papers were taken to Adolph shortly before he died on that day, and were signed by him and were delivered to the Westinghouse company before he died. The group insurance certificate was not filed with these papers, and has been in the possession of Adolph's wife or her executrix since his death. The auditor and master specifically found that no request was ever made by Adolph or by the four claimants prior to his death that his wife surrender the certificate of insurance and that the first time his wife ever learned of any demand for the certificate was when the equity suit was begun by the claimants. The auditor and master also found that Adolph was of sound mind and intended to effect a change of beneficiary from his wife to the four claimants, and "that no fraud, duress or undue influence was practiced upon him in connection therewith," but that he failed to have the certificate delivered prior to his death with the two papers requesting the change of beneficiary. Under the terms of his will, executed on March 23, 1939, Adolph bequeathed and devised all his property to his wife, expressly excluding his children from any share therein.

The sole issue is whether the acts of Adolph were sufficient to constitute substantial compliance with the provisions of the policy of insurance relative to changing beneficiaries.

It is settled in this Commonwealth that, after the death of the insured, the insurer cannot by interpleader or otherwise waive conditions precedent contained in a policy of insurance relative to change of beneficiaries. *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 177, 178, and cases cited. *Resnek* v. *Mutual Life Ins. Co.* 286 Mass. 305, 309, 310. *Goldman* v. *Moses*, 287 Mass. 393, 397. These cases also establish that a substantial compliance with the provisions of the policy regulating change of beneficiaries must be

followed. Just what constitutes such compliance must, of course, vary with the circumstances of particular cases, but it is of the essence of substantial compliance that the insured must have done all in his power to effect the change, leaving only some ministerial act on the part of the insurer necessary to consummate it. *French* v. *Provident Savings Life Assurance Society*, 205 Mass. 424, 428.

While the court is alert to protect the interest of the beneficiary named in a policy of insurance against fraud, over-reaching and undue influence on the part of others, and recognizes the right of the insured to change the beneficiaries in accordance with the terms of the policy of insurance, yet it is settled that if the insured has not sufficiently complied with the requirements for change prior to his death, his death serves to vest in the beneficiary named the right to the proceeds, and no act of the insurer or other claimants can prejudice that right.

In the cases at bar it appears that Adolph made no demand upon his wife for surrender of the certificate and that no such demand was made in his behalf. None of the claimants requested surrender of the certificate until after the death of Adolph and the bringing of the suit in equity. Cases holding that no such request would be necessary if it clearly appeared that it would be futile[1] do not apply to the facts in the cases before us where there is nothing to show that a demand for surrender of the certificate, if it had been made in Adolph's lifetime, would have been refused. The wife of Adolph never denied possession of the certificate to Adolph or to any one until the death of Adolph had given her vested rights therein. See *Clark* v. *Metropolitan Life Ins. Co.* 126 Maine, 7, 13. A mere intention on the part of an insured to change the beneficiary not acted upon in the manner required by the terms of the policy is ineffectual and on the death of the insured the beneficiary named therein acquires a vested right. *Wandell* v. *Mystic Toilers*, 130 Iowa, 639.

We are of opinion that on the facts found it cannot be said that the acts of Adolph were a sufficient compliance with the terms of the policy. It follows that in the action

[1] See cases cited in 13 B. U. Law Rev., at pages 427, 428.

at law the entry must be exceptions sustained, judgment to be entered for the plaintiff; it is

*So ordered.*

In the suit in equity the final decree must be reversed, and a final decree entered dismissing the bill with costs.

*Ordered accordingly.*