Tomasello, J.,
In an action of contract by the special administrator of the estate of one Michaele Scalisi, who *143 died April 12, 1942, to recover the proceeds of six life insurance policies, the defendant, Metropolitan Life Insurance Company, filed a petition in interpleader, admitting liability, and alleging a claim of one Angelina Gianino, daughter of the insured, as designated beneficiary thereunder. The claimant having been made a party defendant, the insurance company was authorized to pay into court the sums due under the policies, which are now held by the clerk of court pending the final disposition of this suit.
The six policies in question were issued at intervals between 1918 and 1927. By the terms expressed upon the face thereof these policies were payable upon death “to the executor or administrator of the insured” unless payment were made under the “facility of payment” clause therein which read:
“The Company may make any payment or grant any non-forfeiture privilege provided herein to the insured, husband or wife, or any relative by blood or connection by marriage of the insured, or to any other person appearing to said Company to be equitably entitled to the same by reason of having incurred expense on behalf of the insured,.or for his or her burial; . . . ”
The evidence discloses that with reference to five of the policies, the insured, subsequent to their issuance, signed and delivered to the insurance company forms headed, ‘‘Change of Beneficiary” and reading:
“I hereby request the company to change the beneficiary under my policy.”
“I hearby designate Angelina Scalisi, daughter, as beneficiary .in place of each and every beneficiary heretofore nominated by me subject however, to the terms and conditions contained in said policy and reserve the right, subject to the approval of the company to at any time during the continuance of this policy, provided the policy be then not assigned, change the beneficiary or beneficiaries by written notice to the company at its home office on forms to be furnished by the company.”
*144 Subsequently the insured executed and delivered for the sixth policy a form similar in every respect, except that the name of the daughter was given an Angelina Grianino.
On the reverse side of each of these five policies the insurance company stamped endorsement “Proposed beneficiary, Angelina Scalisi. Relationship, Daughter.”
Upon the sixth policy the insurance company endorsed:
“Subject to the provisions of the policy authorizing payment to the executor or administrator of the insured or at the company’s option to other persons, Angelina Grianino, Daughter, has been designated beneficiary to receive death benefit only. . . . ”
At a later date the insurance company attached to and endorsed upon the first five policies forms declaring a change of name of the alleged beneficiary due- to marriage from Angelina Scalisi to that of Angelina Grianino.
The claimant, Angelina Grianino, insists that by the terms of the policies and the endorsements thereon she is entitled to the proceeds thereof as against the special administrator of the estate of the deceased insured.
The trial judge has ruled that under the form of insurance involved no right of action is vested in the so-called beneficiary Grianino against the insurance company and that only the administrator of the assured’s estate can maintain the action and therefore is entitled to the fund.
Under the ordinary life policy where the right to change the beneficiary is reserved, the named beneficiary is presumed to have a vested right unaffected by any subsequent act of the insurer. Kochanek v. Prudential Ins. Co. of America, 262 Mass. 174; Resnek v. Mutual Life Ins. Co. of N. Y., 286 Mass. 305; Kruger v. John Hancock Mutual Life Ins. Co., 298 Mass. 124; Henderson v. Adams, 308 Mass. 333.
*145 In these types of cases, because of this vested right, the beneficiaries are protected as to the proceeds of the life policies as against creditors by virtue of Mass. Gen. Laws (Ter. Ed.) ch. 175 secs. 125 and 126. By this statute the right is given to these beneficiaries to sue and maintain actions upon such policies in their own names. Proctor v. MacClaskey, 278 Mass. 238; Tolman v. Crowell, 288 Mass. 397.
Much confusion arises in distinguishing between an assignment and change of beneficiary.
In Chartrand v. Chartrand, 295 Mass. 293, 296, the court said: “The assignment of a life insurance policy and a change of beneficiary of the policy are not the same. An assignment is a transfer in whole or in part of the rights of the assignor. A change of beneficiary is the exercise of a power given to the insured by the terms of the policy.” cf. Atlantic Mutual Life Ins. Co. v. Gannon, 179 Mass. 291.
The change of beneficiary of a life policy is a divesting of the beneficial interest held by one person and a vesting of that interest in another by exercise of the power of appointment which must be reserved in the policy and which must be exercised in substantial compliance with the policy. Goldman v. Moses, 287 Mass. 393.
Although an assignment in certain instances has had the effect of a change of beneficiary, Atlantic Mutual Life Ins. Co. v. Gannon, 179 Mass. 291, supra, nevertheless the assent of the insurer to the assignment does not make a new contract of insurance. Its only effect is to enable the assignee to enforce in his own name, instead of the name of the assignor, the rights he held under the contract. Mutual Life Ins. Co. of N. Y. v. Allen, 138 Mass. 24, 28. McCluskey v. Providence Washington Ins. Co., 126 Mass. 306. Similarly the naming of a new beneficiary does not have the effect of making a new contract, and the statute providing that a *146 beneficiary of a life policy would be entitled to its proceeds as against creditors is available in aid of beneficiaries named as such when the policy is originally issued, but is not available in aid of beneficiaries of policies not originally payable to them or where no reservation is made in the policy for a change thereof. McCarthy vs. Griffin, 299 Mass. 309, 310, 311.
Persons whose claims are based upon transfers subsequent to the original issue of the policy cannot find shelter under Mass. Gen. Laws, chap. 175, sec. 125, giving beneficiaries the right to the proceeds as against creditors.
The claimant in the present action, not having been an original party to the contract, and the declaration of her as beneficiary not having constituted a new contract, she could not now claim any vested rights in the proceeds of the life policies. Cataldo v. Woodside, 295 Mass. 586.
It is contended that in some jurisdictions the tendency is to give expression to the intent of the insured. This does not appear to be the law in this Commonwealth. A life policy is distinguishable from the will of a deceased which is unilateral in nature and to which the deceased alone is a party. There, his intention is paramount. Under a life policy we have a contract between the deceased and an insurance company. The restrictions placed upon the insured and agreed to by him are also as binding in force and effect upon the insurance company.
The rules applicable to the interpretation and enforcement of policies of insurance are those which govern contracts. The rights and liabilities of the parties are determined by the terms of the policy. Davis v. New York Life Ins. Co., 212. Mass. 310, 312, 313.
The policies under consideration in the present case are industrial policies. The policies reserved no right in the insured to change the beneficiary. The designation by the *147 insured of a beneficiary under these forms of insurance contracts amounted at most to a request on the part of the insured to the insurer to pay the proceeds of the policy to the claimant as beneficiary. If the request had been complied with by the insurer under the “facility of payment” clause, and payment had been made to the claimant prior to suit being brought by the administrator of the estate, such payment might have been “conclusive evidence that all claims under the policy have been satisfied” and have relieved the insurer from further liability to the administrator. Bradley v. Prudential Ins. Co., 187 Mass. 226; Howell v. John Hancock Mutual Life Ins. Co., 286 N. Y. App. 179.
The insurer did not comply with such request and has not made payment to the designated beneficiary. By its willr ingness to submit itself by suit to the claims of the beneficiary and the special administrator, it cannot be taken as an admission of its liability of the claim of the alleged beneficiary. By so submitting itself the insurer may waive any rights it possesses under the policy but it cannot waive or destroy the rights of the beneficiaries after the death of the insured. Henderson v. Adams, 308 Mass. 333, 337, supra; Kochanek v. Prudential Ins. Co., 262 Mass. 174, 177, 178, supra.
We feel that this principle applicable to ordinary life insurance is equally applicable to industrial policies.
The special administrator of the estate of the insured is the only party sufficiently named as beneficiary in the contract of insurance and as such is the only party legally entitled to enforce his claim.
The decisions cited by the claimant from other jurisdictions wherein a different result has been reached, do not appear to be applicable for this Commonwealth.
We find no error was committed in the decision of the trial judge nor in the rulings upon the several requests.
Report dismissed.