**In re Nancy R. CARON, Debtor.**

No. 03–46286.

United States Bankruptcy Court, D. Massachusetts.

March 2, 2004.

Paul A. LaRoche, Gardner, MA, for Debtor.

David M. Nickless, Nickless & Philips, Fitchburg, MA, pro se.

## MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS [# 4]

JOEL B. ROSENTHAL, Bankruptcy Judge.

### I. BACKGROUND

The matter before the Court is the Trustee's Objection to Claim of Exemption [# 4]. The Trustee objects to Debtor's claimed exemption in a whole life insurance policy ("Insurance Policy") pursuant to Mass. Gen. Laws c. 175 § 125.[1] Debtor's Insurance Policy has a cash surrender value of approximately $3,500. The original and current beneficiary of the Insurance Policy is Debtor's former husband. Trustee argues that the Insurance Policy is not exempt pursuant to M.G.L. c. 175 § 125. Although another Bankruptcy Court in this District has found, in the only case on point in this District, that "if a beneficia-

---

1. M.G.L. c. 175 § 125 provides:

If a policy of life or endowment insurance is effected by any person on his own life or on another life, in favor of a person other than himself having an insurable interest therein, the lawful beneficiary thereof, other than himself or his legal representatives, shall be entitled to its proceeds against the creditors and representatives of the person effecting the same, whether or not the right to change the named beneficiary is reserved by or permitted to such person; provided, that, subject to the statute of limitations, the amount of any premiums for said insurance paid in fraud of creditors, with interest thereon, shall enure to their benefit from the proceeds of the policy; but the company issuing the policy shall be discharged of all liability thereon by payment of its proceeds in accordance with its terms, unless before such payment the company shall have written notice, by or on behalf of a creditor, of a claim to recover for certain premiums paid in fraud of creditors, with specification of the amount claimed. No court, and no trustee or assignee for the benefit of creditors, shall elect for the person effecting such insurance to exercise such right to change the named beneficiary.

ry's interest is protected by [§ 125], the cash surrender value of the policy is protected and exempt from the bankruptcy estate as well," the Trustee argues that the case was wrongly decided. *In re Sloss,* 279 B.R. 6, 15 (Bankr.D.Mass.2002).

## II. DISCUSSION

Upon careful review of *Sloss,* there is no reason for this Court to accept the Trustee's invitation to disagree with Judge Boroff's ruling. The Trustee argues that *Sloss* is an improper interpretation of M.G.L. c. 175 § 125 because a case upon which *Sloss* relies, *Rosenberg v. Robbins,* 289 Mass. 402, 194 N.E. 291 (1935), is inapplicable to the issue of cash surrender value. The Trustee argues that *Rosenberg* is distinguishable as it addressed whether a creditor of the husband could reach and apply the wife's beneficial interest in a life insurance policy for the benefit of the husband's obligations. The Trustee in this case is attempting to reach the cash surrender value of the Insurance Policy. The Trustee is not correct as *Rosenberg* specifically addresses whether a creditor can reach the cash surrender value of the policies. *Id.* at 293 ("The provisions of G.L. c. 175, §§ 125, 126, as amended, prevent the plaintiff from reaching and applying to the payment of her note the cash surrender value of the policies."); *see also In re CRS Steam, Inc.,* 217 B.R. 365, 368 (Bankr. D.Mass.1998) ("In *Rosenberg* ... the holder of a promissory note sought to reach and apply, in payment of the note, the cash surrender value of insurance policies owned by the note's makers and payable at death to their wives or children."). The Trustee offers no other basis for his disagreement with the holding in *Sloss,* and the Court can find none.

■ It is proper to apply the *Sloss* analysis here. The *Sloss* court found, under Massachusetts law, the entire cash surren-

der value of a life insurance policy is exempt provided certain conditions are met. *Sloss,* 279 B.R. at 13. "The availability of the § 125 exemption is limited by two caveats. First, any policy premiums paid in fraud of creditors will not be protected by the exemption. Second, the protected beneficiary must be part of the class designated in the statute." *Id.* at 14. There is no allegation in this case that the policy premiums were paid in fraud of creditors.

■ The only remaining question then is whether the protected beneficiary here satisfies the two requirements necessary to be a "lawful beneficiary" pursuant to the Massachusetts statute. First, "[b]ecause section 125 refers to a policy 'effected' by an insured in favor of a member of a specified class of beneficiaries, the Supreme Judicial Court of Massachusetts construes the statute to apply only if the beneficiary remains unchanged since the policy was first issued." *CRS Steam,* 217 B.R. at 369 (citing *McCarthy v. Griffin,* 299 Mass. 309, 311, 12 N.E.2d 836, 837 (1938)). In this case, Debtor's former husband is the original and current beneficiary on the policy, and thus meets the first requirement.

Second, the policy must be so "effected ... in favor of a person other than himself *having an insurable interest therein...*" M.G.L. ch. 175 § 125; *see also Sloss,* 279 B.R. at 15. A plain reading of the statute and a review of the caselaw on insurable interests makes it clear that the relevant consideration is whether the beneficiary had an insurable interest at the time the policy was "effected" and not at the time of the bankruptcy petition.

Much of the caselaw addressing insurable interests does so in the context of decisions determining the validity of insurance "wager" policies. In *Connecticut Mut. Life Ins. Co. v. Schaefer,* 94 U.S. 457, 24 L.Ed. 251 (1876), the Court examined a

policy insuring the life of a husband for the benefit of the wife. The husband and wife were divorced after the inception of the policy. Upon the husband's death, the insurance company argued the policy was void because the insurable interest of the wife ceased upon the couple's divorce. The Court reasoned that mere wager policies, where the insured party has no interest whatever in the matter insured, are void as against public policy. *Id.* at 460. Thus, a person cannot take out insurance on the life of a total stranger, or someone "who is not so connected with him as to make the continuance of his life of some real interest to him." *Id.* Because a wife does have an insurable interest in the life of her husband during a marriage, on the other hand, such a insurance policy is valid at its inception, and is not avoided by the later cessation of the insurable interest. *Id.* at 461.

In *Tyler v. Odd Fellows' Mut. Relief Ass.*, the court concluded "[w]here the policy is on the life of the husband, payable to the wife, at the time the policy is issued, the wife has an insurable interest in the life of the husband, and no change in that relation will terminate her right to the fund derived from the policy." 145 Mass. 134, 13 N.E. 360, 362 (1887). There, the court cites to *Connecticut Mut. Life,* and applies the same reasoning that, so long as the wife had an insurable interest in the husband's life at the policy's inception, she has a right to the policy's proceeds. *Id; see also McKee v. Phoenix Ins. Co.,* 28 Mo. 383 (Mo.1859) (where plaintiff wife and her former husband were divorced but shared children "[p]laintiff had an insurable interest. She is a creditor. She has children. She supports them. The husband is liable for that support. He is liable for the costs of the divorce.")

 In the instant case, the husband had an insurable interest in the life of the Debtor at the time the policy was effected. In order for a beneficiary to have an insurable interest in the life of an insured, that beneficiary must have some reasonable expectation of pecuniary benefit or advantage from the continued life of another. *Connecticut Mut. Life Ins.,* 94 U.S. at 460. It is well settled under Massachusetts law that a wife has an insurable interest in the life of her husband, and it is beyond dispute that a husband has an insurable interest in the life of his wife. *Rosenberg,* 194 N.E. at 292; *Mutual Life Ins. Co. v. Allen,* 138 Mass. 24, 1884 WL 10665 (1884). Because the husband satisfies the "lawful beneficiary" requirements under the statute, his interest is protected by M.G.L. c. 175 § 125, and thus the cash surrender value of the Insurance Policy is exempt. *Sloss,* 279 B.R. at 15.

## III. CONCLUSION

For the reasons discussed herein, Debtor's interest in the cash-surrender value of her whole life insurance policy is exempt pursuant to M.G.L. c. 175 § 125. The Trustee's Objection is OVERRULED.

A separate order shall enter.

## ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTIONS
### [# 4]

In accordance with the Memorandum of Decision issued on March 2, 2004, the Trustee's Objection to Claim of Exemptions [# 4] is OVERRULED.