ABBY M. PECKHAM, EX. *et al.*, FOR AN OPINION.

JUNE 18, 1908.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Insurance.*

Where insured during his lifetime surrendered an endowment policy payable to him if he should survive the term of twenty-one years, and in case of his death to his wife, or, if she should die before him, then to their children, and took a paid-up policy in place thereof, payable to his wife, or, in the event of her prior death, to their children, their executors, administrators, or assigns, and the wife deceased before insured, upon his death the terms of the paid-up policy must decide the question of title to the fund.

(2) *Insurance. Policy made in Foreign State, Construction of.*

Where a contract of insurance was made in Connecticut, to be performed there, it must be construed in accordance with the law of that State.

(3) *Insurance. Construction of Policy.*

Insured took out a paid-up life policy, payable to his wife, or, in the event of her prior death, to their children, their executors, administrators, or assigns. The wife died, never having had any child born alive, leaving a will by which she gave her property to her husband for life, and after his death to the children, living at the time of her death, of her brother. Insured married again and had one son, the issue of the second marriage, and died, leaving a will by which he gave one-half of his property to his widow and one-half to his son:—

*Held,* that the first wife took a vested interest in the policy when it was issued, liable to be divested by her death leaving children.

*Held,* further, that, the wife having died leaving no issue, her interest was transmitted to her administrator *de bonis non*, with will annexed, for distribution according to the terms of her will.

CASE stated for an opinion.

DOUGLAS, C. J. The parties in interest have agreed in submitting to the court the question of title to a certain sum of money deposited by the Ætna Life Insurance Company in the Industrial Trust Company of Providence, as the amount of a paid-up policy of insurance issued on the life of Charles H. Peckham, deceased. So much of said policy as is material in this case is as follows: "This policy of Insurance witnesseth, that the Ætna Life Insurance Company, in consideration of the

surrender of Policy No. 35784 and all claim thereto, Do hereby insure the life of Charles H. Peckham (hereinafter called the insured) of Providence, County of Providence, State of Rhode Island for the term of his natural life, in the sum of Five Thousand and Seven Dollars to be paid at the office of this Company, in Hartford, Connecticut, to his wife Celia S. Peckham, or in the event of her prior death to their children, their executors, administrators or assigns, within ninety days after due notice and proof of the death of the said insured during the continuance of this policy."

Policy No. 35784 was an endowment policy for ten thousand dollars with a period of twenty-one years, issued May 18, 1867, on the life of said Charles H. Peckham, payable to him if he should survive the term of twenty-one years; and in case of his death, to Celia S. Peckham; or if she should die before her husband, then to their children.

(1) Premiums on this policy were regularly paid until June 2, 1873, when it was surrendered and the paid-up policy aforesaid was issued in place thereof. Mrs. Peckham died September 27, 1893, never having had any child born alive. She left a will by which she gave her property to her husband for his life and after his death to the children living, at the time of her death, of her brother, William A. Spicer. June 8, 1897, Charles H. Peckham married Abby E. May, and October 14, 1898, a son, Charles H. Peckham, Jr., was born to them, and is now living, the only issue of the marriage. Charles H. Peckham died July 21st, 1907, leaving a will by which he gave one-half of his property to his widow and one-half to his son. The widow, Abby M. Peckham, has been duly appointed executrix of the will and guardian of the son.

The fund in question is claimed by William A. Spicer, as administrator d. b. n., c. t. a., on the estate of Celia S. Peckham; by Charles H. Peckham, Jr., as beneficiary under the terms of the policy; and by Abby M. Peckham, as executrix of the will of Charles H. Peckham.

The terms of the paid-up policy must decide the question of title to the fund. The former policy was surrendered by the parties interested, and the latter, with their full consent, took

the place of it.   The only change of the provisions of payment affected the husband and the wife; the provision for the children is the same in both policies.

(2)   The ·contract was made in Connecticut, to be performed there, and hence must be construed in accordance with the law of that State.   *Leonard* v. *State Mut. Life Ins. Co.*, 27 R. I. 121, 123.

The exact question before us arose in *Phœnix Mut. Life Ins. Co.* v. *Dunham,* 46 Conn. 79.   The policy under consideration there was upon the life of the husband, payable to his wife for her sole use, or, in case of her death before his to their children. They had no children, ·and the wife died before the husband.

(3) The court decided that the wife took a vested interest in the policy when it was issued which was liable to be divested by the death of the wife leaving children, and that the policy was payable to her representatives; and the court say (p. 87):  "If the amount expressed in the policy had been made payable to her without condition, she would ·at once have become the owner of a valuable property, which she was permitted, both by the special law and the declaration of her husband, to hold independently of him;  of an interest which she could sell or assign, either absolutely or by way of security;  one which, upon her death, would pass to her legal representatives, as would any other sole and separate estate.   It is true that the gift to Mrs. McCammon (the wife) was made subject to a condition subsequent;  if issue had survived the amount would have been payable to such issue;  but as no child was ever born to either of them the condition became void and may be laid out of consideration."

The decision is the more conclusive as it was made after a full review of the previous cases in Connecticut, where a contrary view· was apparently taken.

In *Conn. Mut. Life Ins. Co.* v. *Burroughs,* 34 Conn. 305, it was held that a policy payable to a wife, but if she did not survive her husband, to her children, was not assignable by her in her lifetime, and her interest in the policy is called "contingent."   In *Continental Life Ins. Co.* v. *Palmer,* 42 Conn. 60, the same expression is applied to the interest of a wife who

predeceased her husband, leaving children who were to take in such case; but it is explained that the contingency related to the possession and enjoyment, not to the right, which, though conditional, was vested in the sense of being transmissible. In *Conn. Mut. Life Ins. Co.* v. *Baldwin*, 15 R. I. 106, the case of *Conn. Mut. Life Ins. Co.* v. *Burroughs* is cited, and the interest of the wife is said to be "contingent;" but it may be supposed that the word is used as applicable to the enjoyment rather than to the right of property.

In referring to the previous cases, the Connecticut court in *Phœnix Ins. Co.* v. *Dunham, supra,* says (p. 89): "The policy in each of these cases contained the proviso in behalf of children, and in each case children survived. The respective wives had received conditional gifts. At no moment was either of them in a position to deal with her policy as its absolute owner. In each case an event occurred which put an end to any interest in her or in her estate in the fund. In each case the duty of the court was to enforce the proviso in favor of children, and whatever is said in either of them as to the nature or extent of the interest of the wife in her policy, is to be understood as said of it in instances where there are children, and not as determining, where a policy is made payable without condition to the sole and separate use of the wife, in instances where there are no children, that she takes no interest unless she survives her husband."

Our conclusion, therefore, is that Celia S. Peckham took a vested interest in the policy subject to the condition subsequent of her death before her husband, leaving issue. As the contingency never happened, her interest was transmitted to her executor at her death, and the fund is now payable to her administrator, William A. Spicer, for distribution according to the terms of her will.

*Royal H. Gladding and Eugene A. Kingman,* for William A. Spicer, administrator, and the legatees under will of Celia S. Peckham.

*Louis L. Angell and Charles E. Salisbury,* for Charles H. Peckham, Jr., and for Abby M. Peckham, his next friend and guardian, and for Abby M. Peckham, executrix.