WALTER L. CARPENTER *vs.* CATHERINE A. CARPENTER.

Suffolk.   March 28, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Insurance,* Life. *Husband and Wife. Equity Jurisdiction,* Suit to compel relinquishment of husband's property retained by wife after separation.

In a suit in equity by a husband against his wife, after separation, to compel her to relinquish possession of three policies of insurance upon the plaintiff's life, two being for the benefit of the defendant with a reservation in the plaintiff of a right to change the beneficiary subject to the consent of the company, and the third being for the benefit of the plaintiff's estate, the defendant contended and testified that the plaintiff had delivered the policies to her as a gift. Upon conflicting evidence, the trial judge found and ruled that the plaintiff was entitled to the policies. *Held,* that, the suit being for the possession of the policies, the rights which the wife would have under R. L. c. 118, § 73, if she should survive her husband and should remain a beneficiary under two of the policies, were not in issue, and that, the evidence being conflicting, the judge had a right to find that the husband did not give the policies to his wife.

BILL IN EQUITY, filed in the Superior Court on January 17, 1916, seeking that the defendant, the plaintiff's wife, be ordered to redeliver to him certain policies of life insurance alleged to be wrongfully held by her.

In the Superior Court the suit was heard by *Fox,* J. The material evidence and the judge's findings are described in the opinion. The defendant asked for the following rulings:

"1. The transfer of the policies introduced in evidence . . . and the delivery of said policies by the plaintiff to the defendant and the acceptance of said policies by the defendant constitute a completed gift.

"2. Under R. L. c. 118, § 73, the defendant has a vested interest

in the three policies introduced in evidence and the same shall inure to her separate use and benefit, subject only to the provisions of said section relating to premiums paid in fraud of creditors.

"3. The delivery of the policies by the plaintiff to the defendant constituted a waiver of the reservation clauses in the John Hancock policies."

The trial judge refused to rule as requested and made the finding described in the opinion. The defendant alleged exceptions.

*B. J. Killion,* (*C. Toye* with him,) for the defendant.

*L. G. Roberts,* (*W. D. Rich* with him,) for the plaintiff.

CROSBY, J. This is a bill in equity brought by the plaintiff against the defendant, who is his wife, to recover possession of three life insurance policies issued upon his life. Two of the policies were issued by the John Hancock Life Insurance Company in both of which the defendant is named as beneficiary; the other policy was issued by the Prudential Life Insurance Company and names the estate of the assured as beneficiary. In the two policies in the John Hancock Life Insurance Company there is reserved to the plaintiff the right from time to time to change the beneficiary subject to the consent of the company.

The plaintiff testified that he told his wife that he reserved the right to change the beneficiary in these two policies; that the premiums on all three policies were paid with money furnished by him up to about October 1, 1915, when he and his wife separated; that the policies were kept in a buffet drawer; "that about three or four weeks before he and his wife separated he went to the drawer and found the policies gone and that he has not seen them since."

The defendant testified that she had the policies; that they were delivered to her by the plaintiff with the understanding that they were hers; that she has paid the premiums since such delivery with money which she earned. She denied that he ever told her that he reserved the right to change the beneficiary.

Upon the foregoing and other conflicting evidence the judge of the Superior Court, before whom the case was tried, refused to make three rulings requested by the defendant and filed the following memorandum: "The plaintiff is entitled to the policies now in the hands of the defendant. Decree accordingly.

Premiums paid by defendant after the separation should be repaid."

The case is before this court upon exceptions to the refusal of the judge to make the rulings requested, and to the finding that the plaintiff is entitled to the policies in the hands of the defendant.

A policy of life insurance is a contract by the terms of which the rights of the parties are to be determined. A provision in a life insurance policy which permits the assured to change the beneficiary therein from time to time is neither unusual nor invalid. The assured is entitled to exercise the right which such a provision gives him if he sees fit to do so. The right which the defendant would have in the Hancock policies if she should survive her husband and remained the beneficiary named therein, is a question which is not before us and need not be considered. This bill is brought by the assured to obtain physical possession of the policies. It is plain that he is entitled to such possession unless he has by gift or otherwise parted with such possession. This presents a question of fact which the trial judge has decided in favor of the plaintiff. If the judge believed the testimony of the plaintiff he was amply justified in finding that the policies were wrongfully withheld by the defendant from the plaintiff. If so, the defendant's first and third requests could not have been given. Upon the evidence the trial judge may have found that the delivery of the policies by the plaintiff to the defendant after she had been named as beneficiary did not constitute a gift to her, but that such delivery was merely for the purpose of having them returned to the drawer where previously they had been kept. In other words, it could have been found upon the evidence that there was not such a delivery to the defendant as vested in her any title thereto or right of possession.

The provisions of R. L. c. 118, § 73, for the reasons already stated, have no application to the issue involved in this case which relates only to the plaintiff's right to the present possession of the policies.

*Pingrey v. National Life Ins. Co.* 144 Mass. 374, cited and relied on by the defendant, is not an authority in favor of her contention. In that case it is said at page 382: "In this case, the assured reserved to himself no power of revocation, or of changing

the beneficiary." As R. L. c. 118, § 73, is not applicable to the question as to the right of possession of the policies, the defendant's second request was rightly refused.

The defendant's exception to the finding that "the plaintiff is entitled to the policies now in the hands of the defendant" cannot be sustained. Manifestly the question as to who was entitled to the possession of the policies, was purely a question of fact to be determined upon conflicting evidence.

*Exceptions overruled.*