RUTH I. GOWELL, executrix, *vs.* SETH G. TWITCHELL.

Worcester. March 6, 1940. — July 9, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Gift. Trust,* Resulting. *Equity Pleading and Practice,* Master: findings.

In a suit in equity by an executor seeking delivery of a certificate of shares of a coöperative bank which the plaintiff alleged were a gift to his testatrix by another decedent, a finding by a master, "Upon all the evidence and the facts as found by me, I find that there is no evidence that" such decedent "intended to make a gift . . . to the plaintiff's testatrix," was interpreted by this court as a finding that such intention was not shown by credible evidence.

Findings by a master were insufficient to show that one in whose name certain shares in a coöperative bank were issued did not hold title thereto upon a resulting trust for her sister, who furnished the money for their purchase.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated August 9, 1938.

The case was heard by *Goldberg,* J., by whose order there was entered a final decree dismissing the bill. The plaintiff appealed.

*I. E. Erb,* for the plaintiff.

*S. M. Salny,* for the defendant.

DOLAN, J. This is a suit in equity in which the plaintiff, as executrix of the will of her mother, Etta J. Lewis, late of Fitchburg, deceased, prays that the defendant, if he has retained ten shares of stock of the Fidelity Coöperative Bank, be declared trustee thereof for the benefit of her testatrix, and that, if he has converted the shares into cash or some other form of property, he be required to account to the plaintiff for the value thereof with interest thereon; and for general relief.

The case was referred to a master whose findings are substantially as follows: The defendant is the only son and heir at law of Emma E. Twitchell, late of Fitchburg,

deceased. He was appointed administrator of her estate on July 9, 1934. She was a woman of means, and from 1908 until her death in 1934 she occupied a tenement in premises owned by the plaintiff's testatrix and her husband. They also occupied a tenement in the same premises, the defendant's intestate and the plaintiff's testatrix being sisters. The defendant lived with his mother until about 1920. She died in June, 1934.

On April 23, 1923, the defendant's intestate, hereinafter referred to as Mrs. Twitchell, made two "deposits" in the Fidelity Coöperative Bank of Fitchburg, each in the sum of $1,979.50. One of these "deposits" was made in the name of the plaintiff's testatrix, hereinafter described as Mrs. Lewis. "These sums were permitted to accumulate interest" until each of them amounted to $2,000. On September 1, 1923, the bank issued paid up certificates as follows: ten shares in the name of Mrs. Twitchell and ten shares in the name of Mrs. Lewis. Under G. L. (Ter. Ed.) c. 170, § 12, no person shall hold more than ten matured and ten paid up shares in any one coöperative bank at the same time. Mrs. Lewis on September 11, 1923, signed a receipt running to the bank for the certificate standing in her name, but how or by whom this receipt was sent to her and returned to the bank does not appear. Mrs. Twitchell retained possession of the certificate until her death, and Mrs. Lewis up to that time indorsed the dividend checks, when received by her, to Mrs. Twitchell who retained the proceeds therefrom for her own use. Upon her death the defendant found among her belongings the certificate standing in the name of Mrs. Lewis, and also the certificate standing in her own name. Each of the certificates was for ten shares of stock of the value of $2,000. The defendant inquired of Mrs. Lewis whether there was any property in his mother's estate belonging to her. She replied that a certificate in the Fitchburg Coöperative Bank belonged to her.

Later (on July 26, 1934) the defendant called upon Mrs. Lewis, having in his possession the certificate of the Fidelity Coöperative Bank standing in her name and the certificate

of the Fitchburg Coöperative Bank also standing in her name. At the time of this interview her husband was present. The defendant then stated, in substance, that the certificate of the Fidelity Coöperative Bank belonged to Mrs. Twitchell's estate, and that Mrs. Lewis would have to assign it to him so that the estate of Mrs. Twitchell could be settled. The defendant also stated that, if Mrs. Lewis would sign an assignment of the certificate of stock in question, he would deliver to her the certificate for ten shares of the Fitchburg Coöperative Bank standing in her name. She complied with the defendant's request and executed an assignment to him of the certificate for the ten shares of the Fidelity Coöperative Bank standing in her name. Her signature to this assignment was witnessed by her husband.

The defendant then delivered to her the certificate of stock in the Fitchburg Coöperative Bank. The findings of the master do not disclose whether the defendant had a new certificate issued to him for the shares of stock in the Fidelity Coöperative Bank, which had stood in the name of Mrs. Lewis, or converted them into cash. The money with which the "deposits" were made in the Fidelity Coöperative Bank was that of the defendant's intestate. No evidence was offered in explanation of the issuance of the certificate for ten shares in the name of Mrs. Lewis, or to show that she was "ever at" this bank or "had any dealings with" it, or of any arrangement or agreement between her and Mrs. Twitchell with reference to the issuance of this certificate. Mrs. Twitchell and Mrs. Lewis were on very friendly terms. From 1908 to the time of the death of the former they saw each other practically every day; but while for some considerable part of this period the latter was not well and was in straitened circumstances, facts known to Mrs. Twitchell, she never rendered any financial assistance to her. After the transaction in question the relations of Mrs. Lewis and the defendant continued to be friendly. She held him in affectionate regard. Although the plaintiff testified that some fifteen years ago Mrs. Lewis told her that Mrs. Twitchell had given the

certificate involved to her and was keeping the dividends for herself, the former never asserted any claim to the certificate up to the time of her death. The plaintiff was appointed conservator of the property of Mrs. Lewis on November 17, 1937, and filed an inventory of her property on November 27, 1937. At that time she knew that the certificate of the shares involved had been issued in the name of Mrs. Lewis and that it had been indorsed and delivered by her to the defendant "in June of 1934"; and she also knew the circumstances attending the assignment and transfer of the certificate, and of the delivery by the defendant to Mrs. Lewis of the certificate in the Fitchburg Coöperative Bank. The plaintiff made no reference to the shares in question either in the inventory filed by her as conservator of the property of Mrs. Lewis, or in the first and final account of the conservatorship, which was allowed on July 28, 1938.

The master concluded as follows: "Upon all the evidence and the facts as found by me, I find that there is no evidence that Emma E. Twitchell intended to make a gift of the ten (10) shares of stock in the Fidelity Coöperative Bank, standing in the name of Etta J. Lewis, to the plaintiff's testatrix. The purpose of Emma E. Twitchell in having certificate No. 1255 of the Fidelity Coöperative Bank issued in the name of Etta J. Lewis is purely conjectural. At the time of the issuance of the two certificates Nos. 1244 and 1255 it was not legal for a person to own stock in a coöperative bank of a value in excess of $2,000, although it was legal to purchase stock as trustee for another even though the purchaser were the owner of stock in the amount of $2,000. I find that the defendant lacked complete frankness in his talk with the plaintiff's testatrix in July, 1934, in failing to disclose to her that he had found among his mother's possessions the certificate in the Fidelity Coöperative Bank and one in the Fitchburg Coöperative Bank. I find that it was his intention not to deliver to the plaintiff's testatrix the certificate in the Fitchburg Coöperative Bank unless she assigned and delivered to him certificate No. 1255 in the Fidelity Coöperative Bank.

I find, however, that he did not make any misrepresentations to the plaintiff's testatrix at the time she assigned the certificate in the Fidelity Coöperative Bank to him."

An interlocutory decree was entered overruling the plaintiff's exceptions to the master's report and confirming the report. From this decree as well as from a final decree dismissing the bill the plaintiff appealed. A recital of the plaintiff's exceptions in detail is unnecessary since they are disposed of by what is hereinafter said.

Under the familiar rule, when the money for the purchase of property is paid or furnished by one party and title is taken in the name of another a resulting trust is created by implication of law in favor of the former. *Gerace* v. *Gerace*, 301 Mass. 14, 17. Am. Law Inst. Restatement: Trusts, § 440. But in such circumstances the inference that Mrs. Twitchell did not intend the person in whose name title was taken to have the beneficial interest in the property may be overcome by evidence that such was the intention of Mrs. Twitchell. Scott, Trusts, § 441.

It is not disputed that Mrs. Twitchell paid for the shares with her own money. Accordingly it was for the plaintiff to show as alleged by her that Mrs. Twitchell made a gift of the shares to Mrs. Lewis. The master, however, found that "Upon all the evidence and the facts as found by . . . [him] there is no evidence" that Mrs. Twitchell intended to make a gift of the shares in question to Mrs. Lewis. Construed literally, this finding is not entirely correct and does not expressly decide the vital question of fact whether Mrs. Twitchell intended to make a gift of the shares in question to Mrs. Lewis. The language of the master, however, "should be construed to accomplish the end of deciding the point in issue before him, when reasonably susceptible of such interpretation, rather than to defeat the purpose of the hearing." *Lyons* v. *Elston*, 211 Mass. 478, 481. Fairly interpreted, we think the finding was one to the effect that it was not shown by credible evidence to the satisfaction of the master (*New Bedford Cotton Waste Co.* v. *Eugen C. Andres Co.* 258 Mass. 13, 16–17) that Mrs. Twitchell intended to make a gift of the shares to Mrs. Lewis.

Thus construed, the master must be taken to have discredited the testimony of the plaintiff (woven into the report notwithstanding the form of the rule to the master, see *Jameson* v. *Hayes*, 250 Mass. 302, 306) to the effect that Mrs. Lewis some fifteen years ago told her that Mrs. Twitchell had given the certificate to her and was keeping the dividends for herself. The weight to be given to this evidence was wholly for the determination of the master. *Millett* v. *Temple*, 280 Mass. 543, 548. The master did not find as a fact that Mrs. Lewis did make that statement to the plaintiff.

"It is settled . . . that an oral gift of a bond, a promissory note, a savings bank book, shares of stock in a corporation and personal property of like nature, accompanied by actual delivery of the evidence of title to the donee with intent to pass title, and acceptance by the donee, will transfer ownership. *Mangan* v. *Howard*, 238 Mass. 1, 5." *Millett* v. *Temple*, 280 Mass. 543, 549.

If we assume in the present case that the contract between the bank and Mrs. Lewis took the place of delivery (see *Goldston* v. *Randolph*, 293 Mass. 253; *Castle* v. *Wightman*, 303 Mass. 74) and concede that the retention of the certificate and the enjoyment of the dividends on the shares by Mrs. Twitchell are not necessarily inconsistent with a present gift of the corpus of the property, though to be considered in determining her intention, *Robinson* v. *Pero*, 272 Mass. 482, and further concede that the relationship between Mrs. Twitchell and Mrs. Lewis is also a circumstance to be so considered, Scott, Trusts, § 441, Am. Law Inst. Restatement: Trusts, § 442, comments a and b, yet we are of opinion that all these circumstances in the light of other facts found by the master are insufficient to show that Mrs. Lewis did not hold title to the shares upon a resulting trust for Mrs. Twitchell.

In view of this conclusion it is unnecessary to discuss the findings of the master concerning the assignment of the certificate of the shares involved by Mrs. Lewis to the defendant.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*