JAMES H. MORSON, administrator, *vs.* SECOND NATIONAL BANK OF BOSTON & others.

Suffolk.    April 4, 1940. — September 12, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Corporation,* Transfer of shares. *Gift. Conflict of Laws.*

A valid gift of shares of stock in a Massachusetts corporation was effectuated by observance of the formalities set forth in G. L. (Ter. Ed.) c. 155, § 27, although the acts there described were consummated by the donor and the donee while in Italy, whose laws for transfer of property with a situs there might have required further formalities.

BILL IN EQUITY, filed in the Superior Court on November 30, 1937.

From a decree, entered by order of *Hurley,* J., the defendant Copperman appealed.

*B. D. Levinson,* (*E. M. Altman* with him,) for the defendant Copperman.

*P. A. Hendrick,* (*A. S. Gerstein* with him,) for the plaintiff.

QUA, J. This is a bill in equity by the administrator of the estate of Herbert B. Turner, late of Gloucester, alleging, in substance, that a certificate for one hundred fifty shares of the stock of the defendant Massachusetts Mohair Plush Company, a Massachusetts corporation, had been originally issued to Herbert B. Turner, but had been delivered to the defendant bank as "transfer agent" of the plush company by the defendant Mildred Turner Copperman for transfer to her on the ground that Herbert B. Turner in his lifetime had made her a gift of the stock.

The prayers are for injunctions against the transfer of the stock and for recovery of the certificate.

The judge carefully found all the material facts in detail, upon which he ruled that there had been no completed gift of the stock by Turner to Mildred Turner Copperman, and entered a decree for the plaintiff. The issue is whether the facts found show a valid gift of the stock, which should now be recognized by a transfer on the books of the corporation and the issuance of a new certificate to Mildred Turner Copperman. We think that they do.

Among the facts found are these: About September 20, 1937, while Turner and Mildred Turner Copperman were travelling together in Italy, Turner handed to Mildred Turner Copperman a sealed envelope previously marked by him "Property of Mildred Turner Copperman." As he did so he said, "These are yours." The certificate in his name, dated October 6, 1933, was in the envelope. He also said that he would have to sign the back of the certificate. Two days later a notary and two witnesses came to the hotel where the parties were staying. Mildred Turner Copperman produced the certificate, and "Turner signed his name on the back . . . and then he filled in the name of Miss Copperman and her address" and delivered the certificate to Mildred Turner Copperman, who "accepted it." Turner's intention at that time was "to make an absolute gift to Mildred Copperman to take effect at once."

It is provided by G. L. (Ter. Ed.) c. 155, § 27 (uniform stock transfer act § 1), that title "to a certificate and to the shares represented thereby shall be transferred only — (*a*) By delivery of the certificate endorsed either in blank or to a specified person by the person appearing by the certificate to be the owner of the shares represented thereby; or (*b*) By delivery of the certificate and a separate document containing a written assignment of the certificate or a power of attorney to sell, assign or transfer the same or the shares represented thereby, signed by the person appearing by the certificate to be the owner of the shares represented thereby. Such assignment or power of attorney may be either in blank or to a specified person." Sec-

tion 26 (uniform stock transfer act § 22) defines "certificate" as "a certificate of stock in a corporation organized under the laws of this commonwealth or of another state whose laws are consistent with said sections." Plainly that which was done in Italy would have been sufficient, if it had been done in Massachusetts, to effect a transfer of legal title to the shares.

But it is argued that the validity of the transfer is to be judged by the law of Italy, and that certain formalities required by that law for the making of gifts in general were not observed. Doubtless it is true that whether or not there is a completed gift of an ordinary tangible chattel is to be determined by the law of the situs of the chattel. Am. Law Inst. Restatement: Conflict of Laws, §§ 256, 257, 258. Shares of stock, however, are not ordinary tangible chattels. A distinction has been taken between the shares and the certificate, regarded as a piece of paper which can be seen and felt, the former being said to be subject to the jurisdiction of the State of incorporation and the latter subject to the jurisdiction of the State in which it is located. Am. Law Inst. Restatement: Conflict of Laws, § 53. Beale, Conflict of Laws, §§ 53.1, 262.1. See *Kennedy* v. *Hodges*, 215 Mass. 112, 114, 115, 116; *Edgerly* v. *First National Bank of Boston*, 292 Mass. 181, 183. The shares are part of the structure of the corporation, all of which was erected and stands by virtue of the law of the State of incorporation. The law of that State determines the nature and attributes of the shares. If by the law of that State the shares devolve upon one who obtains ownership of the certificate it may be that the law of the State of a purported transfer of the certificate will indirectly determine share ownership. *Disconto-Gesellschaft* v. *United States Steel Corp.* 267 U. S. 22. *Hutchison* v. *Ross*, 262 N. Y. 381, 390, 391. Am. Law Inst. Restatement: Conflict of Laws, § 53, comment c. See also §§ 103, 182, 213, 262. But at least when the State of incorporation has seen fit in creating the shares to insert in them the intrinsic attribute or quality of being assignable in a particular manner it would seem that that State, and other States

as well, should recognize assignments made in the specified manner wherever they are made, even though that manner involves dealing in some way with the certificate. Or the shares may·be regarded for this purpose as remaining at home with the corporation, wherever the certificate may be — much as real estate remains at home when the deeds are taken abroad. See *Kennedy* v. *Hodges,* 215 Mass. 112, 115; *Clark* v. *Treasurer & Receiver General,* 218 Mass. 292; *Welch* v. *Boston,* 221 Mass. 155, 158; *Welch* v. *Treasurer & Receiver General,* 223 Mass. 87, 92; *Kling* v. *McTarnahan,* 277 Mass. 386, 388; *Edgerly* v. *First National Bank of Boston,* 292 Mass. 181, 183; *Meehan* v. *North Adams Savings Bank,* 302 Mass. 357, 358; *Jellenik* v. *Huron Copper Mining Co.* 177 U. S. 1, 13. Thus the American Law Institute in its Restatement of Conflict of Laws, § 53, comment d, says that shares created in a State which has adopted the uniform stock transfer act with its provision that title to a share can be transferred only by delivery of the certificate "may be transferred by delivery of the certificate as provided by the Act even though such delivery takes place in another state where such Act is not in force." This rule is precisely applicable to the present case. *Disconto-Gesellschaft* v. *United States Steel Corp.* 267 U. S. 22, 28. *American Surety Co.* v. *Cunningham,* 200 Minn. 566, 574, 575. Christy, The Transfer of Stock, § 66. See further *United Cigarette Machine Co. Inc.* v. *Canadian Pacific Railway,* 12 Fed. (2d) 634; *Pennsylvania Co. for Insurance on Lives & Granting Annuities* v. *United Railways of Havana & Regla Warehouses, Ltd.* 26 Fed. Sup. 379, 389; *Mills* v. *Jacobs,* 333 Penn. St. 231; 18 C. J. S. Corporations, § 399; 15 C. J. S. Conflict of Laws, § 18, "Shares of Stock," and cases cited. Compare *Mylander* v. *Page,* 162 Md. 255, 265. This rule has, in our opinion, the decided advantage of promoting convenience, certainty, and uniformity in the transfer of stock. We prefer to follow it.

There is nothing inconsistent with this decision in the statement, added "as matter of precaution" in *Barstow* v. *City Trust Co.* 216 Mass. 330, 334, that certain sections of

the uniform stock transfer act have "no extraterritorial application." See *Boston Safe Deposit & Trust Co.* v. *Adams*, 224 Mass. 442, 446; *Casto* v. *Wrenn*, 255 Mass. 72, 75; *Whitney* v. *Nolan*, 296 Mass. 419, 424; *Sun Ins. Office, Ltd.* v. *Leshefsky*, 31 Fed. Sup. 952, 954.

It has become unnecessary to consider other questions argued.

The final decree is reversed, and a final decree is to be entered dismissing the bill with costs to the defendant Mildred Turner Copperman.

*Ordered accordingly.*