<em>Decisions on petitions of Hopkins<br>and Holcombe reversed.</em>

===

JOSEPH V. PONLAIN *vs.* ELLEN G. SULLIVAN.

Suffolk.          December 3, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Gift. Insurance, Life:* gift of policy, change of beneficiary.

A completed gift of a life insurance policy to one whom the insured had named beneficiary thereunder was effectuated by delivery of the policy to the beneficiary with intent to make a gift and acceptance by the beneficiary, and thereby the beneficiary became absolute owner free from any power of control of the insured over the policy.

The refusal of a court of equity to order a donee of a life insurance policy and of a certificate of insurance under a group policy to return them to the donor, the insured, so that he could effect a change of beneficiary was not contrary to G. L. (Ter. Ed.) c. 175, §§ 125, 135.

BILL IN EQUITY, filed in the Superior Court on June 20, 1939.

The case was heard by *Swift*, J.

*H. C. Gill*, for the plaintiff, submitted a brief.

*J. F. Connolly*, for the defendant.

DOLAN, J.   This is a suit in equity under G. L. (Ter. Ed.) c. 214, § 3 (1), in which the plaintiff seeks to recover possession of three policies of insurance issued upon his life. One of them is in the form of a certificate under a "group policy."

The evidence is not reported, but the judge made a voluntary report of facts in substance as follows: Each of the policies when issued was payable to the estate of the plaintiff. Thereafter, on February 19, 1927, he made his sister, Mary E. West, the beneficiary thereunder. Three weeks after her death he named the defendant, his niece, as beneficiary under the policies and told her that she could have all the policies. Two of the policies were placed in the hands of the insurance company "for the purpose of having the new beneficiary recorded on the records of the company and the agent of the insurance company delivered them to the defendant. The group insurance policy was sent by the plaintiff to the defendant." The defendant at different times paid the premiums due on the policies. The judge further found that the plaintiff intended to give and did give the policies to the defendant without reservation or qualification, that the gift of the policies was accepted by the defendant and completed, and that the policies belong to and are the property of the defendant. A final decree was entered dismissing the bill and the plaintiff appealed.

The delivery of the policies to the defendant with the intent of making a gift of them to her, and her acceptance of them constituted a completed gift whereby she became their absolute owner. *Knowles* v. *Knowles*, 205 Mass. 290. *Potvin* v. *Prudential Ins. Co.* 225 Mass. 247. *Carpenter* v. *Carpenter*, 227 Mass. 288. *Mangan* v. *Howard*, 238 Mass. 1, 5. *Gowell* v. *Twitchell*, 306 Mass. 482, 487. See Ann. Cas. 1914D, 297.

The defendant was not merely a beneficiary named in the policies who would have a qualified vested interest which would be divested if the plaintiff exercised the right reserved to him to change the beneficiary, *Kochanek* v. *Prudential Ins. Co.* 262 Mass. 174, 177; but by virtue of the completed gift of the policies she became their owner free from any power of control or dominion over them by the plaintiff.

The plaintiff, however, contends that, as the insured, he has the right to possession of the policies in order to indorse thereon a change of beneficiaries, and that the decree dis-

missing the bill violates G. L. (Ter. Ed.) c. 175, § 125, which prohibits a court from electing "for the person effecting such insurance to exercise such right to change the named beneficiary" and G. L. (Ter. Ed.) c. 175, § 135, which provides that a policy or its proceeds shall not be attached or taken in payment of any debt of the insured employee or the beneficiary. The court below has not attempted to change the beneficiary or to determine the rights of any creditor of the insured or the beneficiary in the policies or their proceeds. The purpose of these sections is to limit the rights of creditors and to protect the rights of the beneficiaries. *Tolman* v. *Crowell*, 288 Mass. 397. *McCarthy* v. *Griffin*, 299 Mass. 309. They cannot be interpreted to enable an insured to avoid and nullify a voluntary completed gift of the policies to the beneficiary. Neither of these sections applies to the facts in the case at bar.

The bill was properly dismissed.

*Decree affirmed with costs.*