## MASSACHUSETTS MUT. LIFE INS. CO. v. MURPHY et al.

### Civil Action No. 1392.

District Court, D. Massachusetts.

July 3, 1942.

Stewart, Chase & Baldwin, Frederic H. Chase, and Raymond P. Baldwin, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston Mass., for intervening defendant.

Walter I. Sundlun, of Providence, R. I., and William C. Crossley, of Fall River, Mass., for defendant Rose M. O'Hara as custodian, and individually.

Kendrick H. Washburn, of Middleboro, Mass., and John H. Sullivan, of Taunton, Mass., for Stephen F. O'Hara and Catherine L. O'Hara, intervening defendants.

FORD, District Judge.

This is a suit under the Federal Interpleader Act, Section 24 (26) of the Judicial Code as amended, 28 U.S.C.A., Section 41 (26).

The case was referred to a special master and is now before me on motion of the special administrator of the estate of Walter E. O'Hara to confirm the master's report to which objections have been filed by the respondent, Rose M. O'Hara, widow of the deceased, Walter E. O'Hara.

The case involves a dispute between the widow and the estate of the late Walter E. O'Hara, deceased February 28, 1941, over the proceeds of two insurance policies on the life of the deceased.

Maurice J. Murphy, special administrator, claims title to the proceeds of the insurance on the ground that the policies were rightfully payable to the executors or administrators of the insured at the time of the latter's death. A second ground relied on was not pressed at the trial. The widow, Rose M. O'Hara, claims title to the proceeds by virtue of a gift of the policies made to her by the deceased in accordance with an antenuptial agreement.

The master found as a fact that on May 2, 1939, after the deceased had proposed marriage to Mrs. O'Hara, the former caused the beneficiary in each of the two life insurance policies involved to be changed from "The executors or administrators of the insured" to "my intended

wife, Rose G. MacLaughlin" and endorsements to this effect were made by the company; that following this change of beneficiary, the deceased brought the policies to Mrs. O'Hara's (then Rose G. MacLaughlin) home in Providence, Rhode Island, one evening and handed them to her, signifying his intention to make a gift to her; that she accepted them and locked them up in a compartment of her desk where she kept other papers, where they remained until August, 1940. The parties were married June 14, 1940. On these findings the master ruled as a matter of law that when O'Hara delivered the policies to Mrs. O'Hara (then Rose G. MacLaughlin) at her home, title thereto was transferred and vested in the latter. The respondent Murphy filed no objection to these findings or conclusions of law; in fact he assents thereto. Obviously the respondent, Rose M. O'Hara, interposes no objections to these findings or conclusions of law with respect to this issue.

The master further found that the policies, except for a brief interval when they were returned to the insurance company in August, 1940, for the purpose of changing the beneficiary from Rose G. MacLaughlin, Mrs. O'Hara's maiden name to her married name, remained in her possession until September 21, 1940. Previous to the latter date, i. e., on September 8, as a result of violent quarrelling the O'Haras separated. The master found that after the separation attorneys for the respective parties discussed the matter of divorce and alimony and the interchange of certain property and papers claimed by each party in the other's possession. Among the papers claimed by O'Hara were the two insurance policies here involved. The master found that these negotiations culminated in an agreement that the furniture and personal effects in O'Hara's possession claimed by his wife should be delivered to her and that she should return to him the insurance policies, a key to a safety deposit box, and any furniture he might own. The master further found the attorneys were acting on the assumption that divorce was inevitable, but that the arrangement was not conditioned upon the institution of divorce proceedings as Mrs. O'Hara contended. The master further found that no attempt was made by Mrs. O'Hara to reclaim these policies during the lifetime of O'Hara, although she contended she only entrusted them to her husband to enable him to cancel some loans he had made on them. The master found finally that, in accordance with the agreement referred to, Mrs. O'Hara, on September 21, 1940, sent the policies back to O'Hara through agents of the latter in a sealed envelope with the intention unconditionally to relinquish her right to them and he ruled as a matter of law that on September 21, 1940, when Mrs. O'Hara delivered the policies to O'Hara's agents, who he found were duly authorized to accept the delivery on his behalf, Mrs. O'Hara unconditionally relinquished all her interest in them, except the inchoate interest of a designated beneficiary and that title thereto was reinvested in O'Hara and the right reserved to the insured by the terms of the policies to change the beneficiary was revived. This right O'Hara subsequently exercised so that at the time of his death the policies were payable to the "executors or administrators" of the deceased.

The master found that no antenuptial agreement was entered into between the parties with respect to the policies involved.

The respondent, Rose M. O'Hara, filed 73 objections to the special master's report and they are directed to the general result of the findings. When this case was argued before me it was characterized by counsel for Mrs. O'Hara as "dramatic a case as I was ever in"; as "containing lots of mystery". Counsel then proceeded to demonstrate that the evidence and the weight of the evidence did not justify the findings of the master. Rule 53(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, compels the court to accept the master's findings of fact "unless clearly erroneous". The present case involves a typical situation of conflicting evidence with the opportunity afforded the master of seeing the witnesses, which I have said time and time again is of inestimable value under such circumstances. It would serve no good purpose to enumerate in detail the voluminous evidence. A review of it does not lead me to the conclusion that the findings of fact made by the master with respect to the redelivery of the policies by Mrs. O'Hara are against the "clear weight of the evidence". Cf. Fleming v. Palmer et al., 1 Cir., 123 F.2d 749. I believe the master sifted the evidence with conspicuous discernment. I adopt his findings of fact

as my findings of fact and I can find no error in his rulings of law.

■ There is no question under Massachusetts law that where a policy of insurance is delivered to one whom the insured has named beneficiary therein with the intention to make a gift and the policy is accepted, the beneficiary is the absolute owner of the policy free from any power of control of the insured over it even though the right to change the beneficiary was reserved. Ponlain v. Sullivan, 308 Mass. 58, 30 N.E.2d 848; Gowell v. Twitchell, 306 Mass. 482, 487, 28 N.E.2d 531; Mangan v. Howard, 238 Mass. 1, 5, 130 N.E. 76; Carpenter v. Carpenter, 227 Mass. 288, 116 N.E. 494; Knowles v. Knowles, 205 Mass. 290, 91 N.E. 213. Cf. Levy v. Levy, 309 Mass. 486, 492, 35 N.E. 2d 659. Consequently, if, Massachusetts law is applicable, the master was correct in his ruling of law that Rose M. O'Hara became the owner of the policies in May, 1939. Also, if the master's finding with respect to the delivery of the policies on September 21, 1940, are not clearly erroneous, as I find they are not, his ruling of law that O'Hara was reinvested with title to the policies and had the right to change the beneficiary, which was reserved, was correct. As a result of the exercise of the right to change the beneficiary, O'Hara's estate was entitled to the proceeds of the insurance at his death. There was no error of law here. After the gift back by Mrs. O'Hara, under the circumstances, all that remained to her was a qualified vested interest subject to divestiture by O'Hara's exercise of his right to change the beneficiary, which he did. Kochanek v. Prudential Insurance Company of America, 262 Mass. 174, 177, 159 N.E. 520; Supreme Council of Royal Arcanum v. Behrend, 247 U.S. 394, 38 S.Ct. 522, 62 L.Ed. 1182, 1 A.L.R. 966.

The parties have made no contention there is any difference between the law of Massachusetts and Rhode Island as to the right of a person to make a gift of an insurance policy or as to the effect of the gift back, provided it was made to the deceased by Mrs. O'Hara. The real dispute was as to whether Mrs. O'Hara made an outright or conditional gift.

■ ■ However, the respective deliveries of the policies were made in Rhode Island. The validity of the conveyance of the policies under the general conflict of laws rule is determined by the law of the state where the policies are at the time of the conveyance. Restatement, Conflict of Laws, Sections 256, 257. It would appear from the case of Morson v. Second National Bank of Boston, 306 Mass. 588, 590, 29 N.E. 2d 19, 131 A.L.R. 189, that the Massachusetts courts would apply Rhode Island law to a case involving the facts here. Under the doctrine of Klaxon Company v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477, I feel compelled to say that in view of the fact that the federal court has no independent "general law" of conflict of laws that the Massachusetts conflicts rule is applicable. If Rhode Island law is applicable to the gifts under the doctrine of the Morson and Klaxon cases, just cited, there would not be any difference in the result reached here. Cf. In re Peckham et al., 29 R.I. 250, 69 A. 1002, 132 Am.St. Rep. 813; Connecticut Mutual Life Insurance Company v. Baldwin, 15 R.I. 106, 23 A. 105. The principles of law with respect to the rights of a beneficiary is generally as stated here. Couch, Cyclopedia of Insurance Law, Vol. 2, Section 308, and cases cited.

■ The master committed no error of law in denying the motions of the respondent, Rose M. O'Hara, to reopen her case for the purpose of introducing additional testimony. The respondent had ample opportunity to present her case and trials must end sometime. The master was clearly within his discretionary rights in denying the motions.

The objections of the respondent, Rose M. O'Hara, to the special master's report are overruled and the report is confirmed. Judgment accordingly, with no costs to be awarded between the special administrator and the respondent, Rose M. O'Hara. The complainant has had its expenses and costs.