AETNA LIFE INS. CO. v. PUTNAM et al.

Civ. No. 597.

United States District Court
D. Maine, S. D.

Jan. 17, 1950.

134

Leonard A. Pierce, Portland, Maine, for plaintiff.

John D. Leddy, Portland, Maine, for claimant Pearson.

Ellis Aldrich, Brunswick, Maine, for claimant Putnam.

CLIFFORD, District Judge.

This is a bill of interpleader by the plaintiff corporation, the Aetna Life Insurance Company, hereinafter referred to as the plaintiff, brought under the provisions of Title 28, U.S.C., Sec. 1335, against defendant claimants, Anna Louise Putnam of Brunswick, Maine, and Lawrence Robert Pearson of Chicago, Illinois. The purpose of the bill is to determine which of the within named claimants is entitled to the proceeds of the company's life insurance policy, numbered N-1, 111, 627, issued on December 19, 1935, to Robert B. Pearson. In this policy plaintiff promised to pay to claimant Putnam, as beneficiary, the sum of one thousand five hundred dollars upon the death of Robert B. Pearson. The plaintiff has deposited into the Registry of this Court the face amount of this policy and has agreed to abide the judgment of this Court as to the disposition of the proceeds of this policy. The insured, Robert B. Pearson, paid the required premiums on this policy until December 19, 1946, when he ceased to make any further premium payments; but the policy was continued as extended term insurance in its face amount of fifteen hundred ($1,500) dollars until August 28, 1950, and was in force when the insured died on April 10, 1948. Although not disclosed in the record, it is, however, agreed between plaintiff and defendants that on October 25, 1946, the insured made written request to the plaintiff for change of beneficiary and directed the plaintiff to change the beneficiary to claimant Lawrence Robert Pearson. This request stated that the insured was unable to produce the policy for endorsement, although the policy required that if such a request was made the original policy must accompany the request for change. Defendant Putnam is the beneficiary named in the policy and defendant Pearson is the beneficiary named in the request for change of beneficiary; and each claims to be the only person entitled to receive payment of the amount of the policy and has made demand for payment thereof to the plaintiff.

Answers have been filed by both claimants in support of their respective claims for payment of the amount of the policy; and both claimants have been temporarily restrained and enjoined from instituting any actions at law or in equity, in any court, against the plaintiff for the recovery of the proceeds of the insurance policy herein referred to. Hearing has been held and briefs filed.

The facts, briefly stated, are as follows: The insured Robert B. Pearson, was a close and intimate friend of claimant Putnam and her husband, George Putnam, for over forty years. In 1916, Mr. Pearson's wife, who was claimant Putnam's most intimate friend, died; and Mr. Pearson was invited to spend a "couple of weeks" with the Putnams at their home. He accepted this invitation but continued to live with them, in Newton and later in Dorchester, Massachusetts, practically as a member of their family, until March 1946, a period of nearly thirty years.

In December, 1935, when the insured was sixty-seven years of age, the life insurance policy in dispute was issued to him, with

claimant Putnam named as beneficiary. In this policy the right to change the beneficiary was expressly reserved to the insured; but no change of beneficiary was to become effective unless such change had been endorsed by the company upon the policy itself. The insured, Mr. Pearson, presented this policy to claimant Putnam at her home in Newton, Massachusetts, stating, at that time, that he thought it might pay her and her husband in part for the kindness which they had shown him through the years. Claimant Putnam retained and has never relinquished possession of this policy. The insured had then been living with the Putnams for nearly twenty years and their relationship was friendly. Mr. Pearson paid current bills of the Putnam household from time to time, but was reimbursed by claimant Putnam and her husband for such expenditures. His work required his leaving their home each morning at a rather early hour and delayed his return until late afternoon or early evening, so that many of his meals were eaten in Boston, where he was employed. He paid nothing for either board or lodging at any time during the thirty years he lived with them. He remained with them for nearly ten years after the policy of insurance was issued to him, paying the premiums as they became due; and the harmonious relations continued until a relatively short time preceding his leaving their home.

Early in 1946, friction developed between the insured and the Putnams. From this time on Mr. Pearson ceased to pay the insurance premiums. He was seventy-eight years of age at this time; and this friction was due, in part, to insured's senile condition and erratic behavior. In any event, insured left the Putnam home in March, 1946, under somewhat disagreeable conditions, and went to live with the family of a neighbor.

In February, 1946, Mr. Pearson gave to claimant Putnam a certificate valued at one thousand dollars, in a sealed envelope, to keep for him. Upon his departure, from the Putnam home, he made no demand for either the certificate or insurance policy. On one occasion, apparently after leaving her home, he asked to see the insurance policy to check it over in her interest. She did not show him the policy, assuring him that the policy was all right and he had no need to worry.

About six months after leaving the Putnam home, Mr. Pearson consulted a lawyer in Boston, with the result that this attorney wrote Mrs. Putnam demanding not only the certificate herein referred to but the insurance policy as well. She refused to deliver the insurance policy, claiming the policy belonged to her, but did deliver the certificate upon receipt of proof of the attorney's authority to receive it. Claimant Putnam was the only witness to testify at the hearing before this Court. She appeared to be frank, honest, and sincere, and made a good impression as a witness.

Claimant Putnam contends that the insurance policy in issue was given to her by the insured with the intention of divesting himself of control and possession of it forever; that he was at the time mentally competent to make the gift and she to receive it; that it was not induced by either force or fraud; that it was accepted by her; that neither control nor possession was ever surrendered by her; and that this being the fact, the insured thereupon lost or was divested of his right to change the beneficiary, even if he wanted to do so.

On the other hand, claimant Pearson contends that claimant Putnam has failed to sustain the burden of proof required to establish a gift *inter vivos;* that the delivery of the policy to claimant Putnam did not impair his reserved right to change the beneficiary therein; that the insured did all in his power to effect a change in the beneficiary; and that it was the intent of the insured that his nephew, claimant Pearson, have the proceeds from this insurance policy.

■ We need not concern ourselves with the provision in the policy that a change of beneficiary was not to be effective until endorsed upon the policy by the company. This provision was solely for the protection of the plaintiff, Mutual Life Ins. Co. v. Corodemos, D.C.Mass.1934, 7 F.Supp. 349; and the plaintiff's right in this regard has been waived by the plaintiff's action in bringing this bill of interpleader. Doering

v. Buechler, 8 Cir.1945, 146 F.2d 784; Mutual Life Ins. Co. v. Patterson, D.C.N.Y. 1936, 17 F.Supp. 416.

The issues, therefore, are:

(1) Did insured, Robert B. Pearson, at the time he transferred the insurance policy to claimant Putnam intend to divest himself of possession and control, thus making an irrevocable gift?

(2) If so, did insured, Robert B. Pearson, by making an irrevocable gift of the insurance policy to claimant Putnam, divest himself of the right to change beneficiary at a later date?

The facts as hereinbefore stated are uncontroverted. In the opinion of this Court the testimony given by claimant Putnam, relating to the transfer of the insurance policy by the insured shortly after it was issued, is entitled to full credence. At that time, the insured had been living harmoniously with Mrs. Putnam and her husband for nearly 20 years, practically as a member of the family. Although he made gifts to the Putnams on different occasions and paid current bills of the household, he was reimbursed for these expenditures made in their behalf. He paid nothing for either board or lodging. It is apparent from the evidence that the insured and the Putnams were friends for over 40 years, having complete trust and confidence in each other. At the time insured transferred the policy to her, she had been named beneficiary therein by him; and no effort was made by the insured to change the beneficiary until after the breach in their friendship, which occurred eleven years thereafter, only as a result of bad habits acquired by him, and while he was suffering from the infirmities of old age. The insured paid the premiums on this policy in all of these intervening years, and ceased to pay them only after the breach occurred. He made no attempt to recover possession and control of the insurance policy until September 19, 1946, six months after he left the Putnam home. He then consulted an attorney who, in his behalf, attempted to obtain the return of the insurance policy, together with a certificate for $1,000 which the insured had left with Mrs. Putnam for safe keeping a short time before

he left her home. Following correspondence with this attorney in Boston, Massachusetts, the claimant returned the certificate. With respect to the insurance policy, she replied: "The policy belongs to me. * * *", and refused to return it.

The insured did not die until April 1948, eighteen months subsequent to the time he consulted his attorney. He had ample time during this period to take legal steps to recover the insurance policy from Mrs. Putnam—but, for some undisclosed reason, he failed to take such action. The record is devoid of any evidence indicating that the insured transferred the insurance policy to Mrs. Putnam with the intention that the proceeds were to be used by her in payment of the expenses of his last sickness, or for burial, or any other particular purpose.

The testimony is clear that it was given to her to pay in part for the kindness which had been shown him through the years, and that he always wanted her to keep the policy, which she had done.

The insured had a safety deposit box at a local bank to which he alone had access. This policy was never kept in that safety deposit box.

On cross examination, attorney for claimant Pearson attempted to elicit from Mrs. Putnam the admission that the insured made gifts of substantial sums of money to her prior to 1941. Claimant Putnam not only denied that such was the case, but, on the contrary, stated that she, herself, gave to the insured, in 1941, $6,700 which was to be used by him on her account. No evidence was submitted by claimant Pearson in support of the intimations contained in the questions asked by his attorney relating to such gifts.

"There is no question under Massachusetts law that where a policy of insurance is delivered to one whom the insured has named beneficiary therein with the intention to make a gift and the policy is accepted, the beneficiary is the absolute owner of the policy free from any power of control of the insured over it even though the right to change the beneficiary was reserved. (Citing cases.)" Massachusetts Mut. Life Ins.,

Co. v. Murphy, D.C.Mass.1942, 45 F.Supp. 826, 829.

### Conclusions of Law

This Court is of the opinion that Massachusetts law controls because the delivery of the insurance policy was made to claimant Putnam in Newton, Massachusetts.

The evidence shows that this policy was delivered to Mrs. Putnam by the insured as a gift and that she accepted it as such. The proof adduced from the evidence in the record is full, clear and convincing, and amply sustains the claim of the defendant Putnam to this effect.

This life insurance policy was the proper subject of a gift inter vivos. The insured fully intended to pass title in the policy to claimant Putnam at the time he delivered it to her for the reasons stated at that time; he fully intended to divest himself forever of any possession or control of it; and this was a gift and was fully executed at that time.

The donor, Robert B. Pearson, thereby lost the power of control over the policy and with it the right, reserved in the policy, to change the beneficiary; and claimant Putnam has had control and possession of the policy from the time it was delivered to her by the insured.

Plaintiff's bill will be sustained, and Plaintiff's counsel shall have and receive the sum of Fifty Dollars ($50.00) for the preparing and filing of said bill, and costs taxed at $41.84, to be paid out of said fund.

The Plaintiff will be discharged from all liability to any and all of said parties.

The Preliminary Injunction granted June 10, 1949, will be made permanent.

Claimant Pearson has no right, title, or claim whatsoever in or to said policy or the proceeds thereof, but counsel for claimant Pearson shall have and receive a counsel fee in the sum of One Hundred Dollars ($100.00), it being the opinion of the Court that the claim to the proceeds of said policy was made in good faith.

Claimant Putnam is entitled to the balance of the proceeds of the said insurance policy, without costs, after deduction of an attorney's fee of Fifty Dollars ($50.00), and costs of Forty-one Dollars and Eighty-four Cents ($41.84) to be paid to the attorney for the Plaintiff, and after deduction of an attorney's fee of One Hundred Dollars ($100.00) to be paid to the attorney of record for claimant Pearson.

The policy of insurance will be surrendered to the Plaintiff.

A Final Decree in conformity with this opinion may be submitted.